IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS, | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 18-2689** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Motion to Dismiss of Defendants City of Philadelphia, Detective Frank Jastrzembski, and Detective Manuel Santiago, it is **HEREBY ORDERED** that the Motion is **GRANTED** and that Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS, | : |
|                 Plaintiff, | : |
| | :     Civil Action |
|      v. | :     No. 18-2689 |
| | : |
| CITY OF PHILADELPHIA, et al., | : |
|                 Defendants. | : |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia, Detective Frank Jastrzembski, and Detective Manuel Santiago hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the Defendants incorporate the attached Memorandum of Law. The Defendants respectfully request that this Court dismiss the claims asserted against them with prejudice.

Date: August 24, 2018                               Respectfully submitted,

                                                                       /s/ Michael R. Miller
                                                                       Michael R. Miller
                                                                       Deputy City Solicitor
                                                                       Pa. Attorney ID No. 315759
                                                                       City of Philadelphia Law Department
                                                                       1515 Arch Street, 14th Floor
                                                                       Philadelphia, PA 19102
                                                                       215-683-5433 (phone)
                                                                       215-683-5397 (fax)
                                                                       michael.r.miller@phila.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| **JAMES DENNIS,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **No. 18-2689** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

I. BACKGROUND ................................................................................................................ 5

II. ARGUMENT .................................................................................................................... 6

    A. *Heck v. Humphrey* Bars This Lawsuit. ................................................................... 6

    B. The Statute of Limitations Bars Plaintiff's Suit. ....................................................... 9

    C. Plaintiff's Claims Fail Because He Did Not Receive a Favorable Termination. ................ 10

    D. Plaintiff Cannot Adequately Allege His Claims Given His No Contest Plea. .................... 11

    E. Detectives Jastrzembski and Santiago Have Qualified Immunity from Suit. .................... 13

    F. Plaintiff Cannot Bring a *Brady* Claim Against the City of Philadelphia. ........................ 15

III. CONCLUSION ................................................................................................................ 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DENNIS,** : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 18-2689** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| **Defendants.** : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

On October 22, 1991, Plaintiff James Dennis robbed and murdered a teenage girl named Chedell Ray Williams. In December 2016, Plaintiff pled no contest to third degree murder and robbery for his killing of Ms. Williams. Yet despite his plea, Plaintiff now seeks to profit from the murder he committed by bringing this lawsuit. *Heck v. Humphrey*, 512 U.S. 477 (1994), bars such conduct, and the Court should dismiss this case with prejudice.

### I. BACKGROUND

Plaintiff has a lengthy criminal history. In addition to killing Ms. Williams, Plaintiff has been convicted in other cases for aggravated assault, robbery, simple assault, criminal conspiracy, possessing an instrument of crime, and possession of illegal narcotics. Plaintiff's crimes culminated with his murder and robbery of Ms. Williams on October 22, 1991, crimes for which he was convicted following a jury trial in 1992.

On August 21, 2013, a district court vacated Plaintiff's conviction. *See Dennis v. Wetzel*, 966 F. Supp. 2d 489 (E.D. Pa. 2013). On February 9, 2015, a unanimous panel of the Third Circuit Court of Appeals reversed the district court's decision. *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 777 F.3d 642 (3d Cir. 2015). Then, on August 23, 2016, with four judges dissenting, an

5

*en banc* court reversed the panel's decision, thereby reinstating the vacatur of Plaintiff's conviction[1] but allowing the Commonwealth to retry him. *See Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263 (3d Cir. 2016).

Under the Third Circuit's 2016 decision, Plaintiff could have chosen to have a new jury trial. In fact, the Third Circuit specifically held that Plaintiff "shall be released unless the Commonwealth commences a new trial against him within ninety days." *Id.* at 313. Yet despite the opportunity to proclaim his innocence to a jury, Plaintiff chose to plead no contest to third degree murder and robbery for the killing of Ms. Williams. *See* Cmplt. at ¶ 73. Plaintiff now seeks to ignore his plea and bring two underlying claims under § 1983: a fabrication of evidence claim and a *Brady* claim. *See id.* at ¶ 94.

## II. ARGUMENT

The Court should dismiss this suit with prejudice under *Heck v. Humphrey*.[2] Furthermore, the statute of limitations renders this lawsuit untimely. Finally, Plaintiff's claims fail because he cannot adequately allege them given his no contest plea, and because Detectives Jastrzembski and Santiago have qualified immunity from all his claims.

### A.     *Heck v. Humphrey* Bars This Lawsuit.

The Court should dismiss this entire case with prejudice under *Heck*. Pursuant to *Heck*, "an action seeking damages for an unconstitutional . . . conviction or imprisonment under section 1983 is not cognizable if a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction or sentence." *Curry v. Yachera*, 835 F.3d 373, 377-378 (3d Cir. 2016)

---

[1] Plaintiff's conviction was thus vacated for more than three years before he filed this suit.

[2] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.*

6

(granting motion to dismiss section 1983 suit based on *Heck*). This rule exists to promote "finality and consistency," and because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 378. Moreover, a nolo contendere plea bars a civil suit under *Heck* in the same way that a guilty plea does, because a "nolo plea is indisputably tantamount to a conviction." *Id.*

Here, since a judgment in favor of Plaintiff on either his *Brady* claim or his fabrication of evidence claim would imply the invalidity of his conviction, *Heck* bars Plaintiff from bringing suit. The Supreme Court has held as much, stating that a "*Brady* claim, when successful postconviction, *necessarily* yields evidence undermining a conviction," and that a successful *Brady* claim "does indeed call into question the validity of [a] conviction." *See Skinner v. Switzer*, 562 U.S. 521, 536-537 (2011) (emphasis added).

In addition to the Supreme Court, several Third Circuit cases have held that convicted persons cannot bring *Brady* or fabrication of evidence claims, because success on such claims would imply the invalidity of their convictions. For instance:

- In *Long v. Atlantic City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012), the Third Circuit held that *Heck* bars a convicted plaintiff from bringing a fabrication of evidence claim. This holding makes sense, given that a fabrication of evidence claim requires the plaintiff to show "a reasonable likelihood that, without the use of [fabricated] evidence, [he] *would not have been convicted.*" *See Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014) (emphasis added). Plaintiff cannot prove that fabricated evidence (or the withholding of evidence) caused his conviction without necessarily implying the invalidity of that conviction.

- In *Brookins v. Bristol Twp. Police Dep't*, 642 F. App'x 80, 81 (3d Cir. 2016), the Third

7

Circuit held that *Heck* bars a convicted plaintiff from bringing a *Brady* claim.

- In *Alwan v. Dembe*, 603 F. App'x 68, 69-70 (3d Cir. 2015), the Third Circuit held that both fabrication of evidence and *Brady* claims are barred by *Heck* if a plaintiff has been convicted.

- In *Dukes v. Pappas*, 405 F. App'x 666, 668-669 (3d Cir. 2010), the Third Circuit held that "[Plaintiff's] *Brady* claim is . . . barred by the rule of *Heck v. Humphrey*" because the plaintiff was convicted in the case where the *Brady* violation allegedly occurred, and a successful *Brady* claim would necessarily imply the invalidity of that conviction.

The Third Circuit has thus repeatedly followed the plain language of *Heck* and held that convicted persons cannot bring a *Brady* or fabrication of evidence claim under section 1983, given that success is such a civil suit "would necessarily imply the invalidity of the conviction." *See Heck*, 512 U.S. at 487. This Court should following such precedent and dismiss Plaintiff's case with prejudice under *Heck*.

Moreover, *Heck* bars this suit because a civil judgment in favor of Plaintiff would imply the invalidity of the duration of his sentence. The Third Circuit has interpreted *Heck* to bar a convicted person from bringing a section 1983 suit that would "implicitly call into question the . . . duration of [his] sentence." *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Yet that is precisely what Plaintiff is trying to do with this action. Having pled guilty in 2016 to a maximum sentence of 25 years, *see* Cmplt. at ¶ 73, and served 25 years in prison for murdering Ms. Williams, Plaintiff now brings a suit that necessarily implies the duration of his sentence was overly long. In fact, Plaintiff even admits that his suit seeks to recover damages for his "loss of freedom." *See* Cmplt. at ¶ 116. *Williams* bars Plaintiff from challenging the duration of his sentence in this way, and the Court should dismiss this suit with prejudice.

### B. The Statute of Limitations Bars Plaintiff's Suit.

The Court also should dismiss this suit with prejudice under the statute of limitations. The "statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *See McCreary v. Redevelopment Auth.*, 427 F. App'x 211, 214 (3d Cir. 2011). This time period begins to run "when [a] wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 391 (2007). Moreover, *Heck* only "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction." *Id.* at 393.

Given the foregoing, Plaintiff's *Brady* and fabrication of evidence claims accrued in 1992, when Plaintiff was convicted and the Defendants' alleged wrongful acts thus "result[ed] in damages." *See id.* at 391. Furthermore, *Heck* only delayed this accrual date until August 21, 2013, when the district court "set[] aside" Plaintiff's conviction. *See id.* at 393; *Buckley v. Ray*, 848 F.3d 855, 866-67 (8th Cir. 2017) (holding that the statute of limitations for a *Brady* claim begins to run once a conviction is vacated); *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012) (holding that *Heck* only delays the accrual of a claim "until the date [a] conviction is declared invalid"). Assuming *arguendo* that the statute of limitations was tolled following the Third Circuit's initial habeas decision, the statute still ran from August 21, 2013 (the date the district court vacated Plaintiff's conviction) until February 9, 2015 (the date of the initial Third Circuit decision), and then began to run again on August 23, 2016 (the date of the en banc decision). In fact, more than three years passed from the district court's decision until the date Plaintiff filed suit. Plaintiff's suit is thus untimely, and the Court should dismiss it with prejudice.

Plaintiff may attempt to evade the statute of limitations by arguing that his claim accrued on August 23, 2016, when the Third Circuit made its final decision. But this argument ignores the plain language of *Wallace* that a section 1983 claim accrues upon "the setting aside of an

9

extant conviction," *Wallace*, 549 U.S. at 393, which occurred in this case on August 21, 2013. Moreover, Plaintiff cannot argue that his habeas litigation tolled the statute after August 21, 2013, for two reasons:

- First, the Supreme Court has rejected the view that the statute of limitations for a civil rights lawsuit should be tolled to avoid "concurrent litigation" of habeas claims and section 1983 claims. *See id.* at 396.

- Second, even if Plaintiff convinces the Court to toll the statute while the district court's decision was on appeal, at a bare minimum the statute ran between August 21, 2013, and October 21, 2013, the date when the district court stayed its decision pending the Commonwealth's appeal. *See Dennis v. Wetzel*, No. 11-1660, October 21, 2013 Order Granting Motion for Stay (Docket No. 60). Therefore, the statute ran for 61 days from August 21, 2013, to October 21, 2013, and then again for 673 days from August 23, 2016, to June 27, 2018, for a total of 734 days. Plaintiff's suit is thus untimely by at least four days, and the Court must dismiss it with prejudice.

### C. Plaintiff's Claims Fail Because He Did Not Receive a Favorable Termination.

Additionally, the Court should dismiss this suit because Plaintiff did not receive a favorable termination in his criminal case. The Third Circuit has never addressed whether a plaintiff needs a favorable termination in his criminal case to bring a *Brady* or fabrication of evidence claim stemming from that criminal case. However, the Supreme Court has held that section 1983 "creates a species of tort liability." *Heck*, 512 U.S. at 483. The common law of torts thus "provide[s] the appropriate starting point" for considering the viability of a section

10

1983 claim, and courts should "look first to the common law of torts" in discerning the requisite allegations for a section 1983 claim. *See id.*

Here, the common law tort most similar to Plaintiff's claims is malicious prosecution. *See id.* at 484 ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process."). Therefore, to determine whether a *Brady* or fabrication of evidence claim requires a plaintiff to allege that her criminal proceeding terminated favorably, this Court should look to the common law tort of malicious prosecution. And a malicious prosecution claim requires a plaintiff to allege the "termination of the prior criminal proceeding in favor of the accused." *Id.*[3] Plaintiff thus cannot set forth a *Brady* or fabrication of evidence claim without alleging that he received a favorable termination in his criminal case, and he cannot make this allegation because his no contest plea is "tantamount to a conviction." *Curry*, 835 F.3d at 378. Therefore, the Court should dismiss this case with prejudice.

### D. Plaintiff Cannot Adequately Allege His Claims Given His No Contest Plea.

The Court should also dismiss this suit for a simple additional reason: a litigant who has freely pled guilty to a crime cannot prove that a police officer's alleged misconduct caused his conviction. A plaintiff can only make out a *Brady* claim if withheld evidence is "material," meaning that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Wilson v. City of Phila.*, 177 F. Supp. 3d 885, 913 (E.D. Pa. 2016). Given this standard, materiality "in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002). And even a

---

[3] Plaintiff thus has not sued the Defendants for malicious prosecution.

11

showing of materiality will not allow a plaintiff to prevail on a § 1983 *Brady* claim, for to "recover damages in a civil trial based on [a *Brady*] violation . . . a § 1983 plaintiff must demonstrate a stronger causal link than is inherent in *Brady*'s materiality standard." *See Drumgold v. Callahan*, 707 F.3d 28, 49 (1st Cir. 2013). Instead, tort causation principles require a plaintiff to show "by a preponderance of the evidence" that she would not have been convicted if the withheld evidence had been disclosed. *Id.* Therefore, while a habeas petitioner making a *Brady* claim need not show that she "would more likely than not have received a different verdict" if evidence had been disclosed, *see Strickler v. Greene*, 527 U.S. 263, 289-290 (1999), a § 1983 plaintiff <u>does</u> have to show "by a preponderance of the evidence" that she would have been acquitted if withheld evidence was disclosed, *see Drumgold*, 707 F.3d at 49.

Here, Plaintiff's guilty plea means that he cannot meet either the materiality or causation requirements of a *Brady* claim. Given that he freely pled no contest to murder, Plaintiff cannot possibly show that his conviction was caused by the Defendants' alleged withholding of evidence. Instead, Plaintiff's conviction was caused by his own independent choice to plead guilty to murdering Ms. Williams – a choice that he freely made despite knowing about the Defendants' supposed misconduct, for Plaintiff admits that he chose to plead guilty <u>after</u> the Third Circuit publicly outlined the ostensible "egregious misconduct of the defendants." *See* Cmplt. at ¶ 71. Plaintiff thus cannot allege the materiality or causation elements of a *Brady* claim.

Likewise, Plaintiff cannot proceed on a fabrication of evidence claim unless he pleads facts which plausibly suggest that fabricated evidence caused his conviction. *See Halsey*, 750 F.3d at 294. Yet Plaintiff cannot possibly plead such facts here, because his conviction was

12

caused by his independent choice to plead guilty to murder. Plaintiff thus cannot make out a fabrication of evidence of claim, and the Court also should dismiss this claim with prejudice.

### E. Detectives Jastrzembski and Santiago Have Qualified Immunity from Suit.

Qualified immunity bars Plaintiff from suing Detectives Jastrezmbski and Santiago. Qualified immunity shields officers from liability unless it is "beyond debate" that federal right they allegedly violated was "clearly established at the time of the challenged conduct." *See George v. Rehiel*, 738 F.3d 562, 572 (3d Cir. 2013) (internal quotations omitted). A right only qualifies as clearly established if its "contours . . . are sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." *See Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (citations and quotations omitted) (emphasis added). Moreover, a right must be clearly established "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). District courts must give serious consideration to qualified immunity arguments made in motions to dismiss, because qualified immunity provides defendants "an entitlement not to . . . face the . . . burdens of litigation." *See Rehiel*, 738 F.3d at 571. "Accordingly, any claim of qualified immunity must be resolved at the earliest possible stage of the litigation." *Id.* (internal quotations omitted) (reversing district court's denial of a motion to dismiss based on qualified immunity after the district court stated that such immunity "may be clarified by discovery").

Here, no reasonable detective serving 1992 – the year Plaintiff was tried and convicted – could possibly have known that she could be sued for a *Brady* or fabrication of evidence violation by a plaintiff who had pled guilty or no contest. To the contrary, the case law in Section II.C. indicates that such a suit is not possible, because a litigant who has freely pled guilty to a crime cannot prove that a police officer's misconduct caused his conviction. The Fourteenth Amendment rights of a convicted person such as Plaintiff are thus far from clearly

13

established, and Detectives Jastrzembski and Santiago thus enjoy qualified immunity from all the claims against them.

Moreover, the individual Defendants have qualified immunity from Plaintiff's *Brady* claim for an additional reason: it was not clearly established in 1992 that police officers had <u>any</u> sort of *Brady* obligations. In *Gibson v. Superintendent*, 411 F.3d 427 (3d Cir. 2005), *overruled on other grounds by Dique v. N.J. State Police*, 603 F.3d 181, 183 (3d Cir. 2010), a plaintiff was arrested in 1992 and convicted in 1994, but had his conviction vacated in 2002. *Gibson*, 411 F.3d at 431-432. The plaintiff then sued his arresting officers under *Brady* based on allegations that they "failed to disclose exculpatory material evidence to the prosecutor or the defendant." *Id.* at 442. The Third Circuit held that police officers do have *Brady* obligations, but that the plaintiff failed to state a claim because these obligations were "not clearly established at the time of [the plaintiff's] prosecution in 1994." *Id.* at 443. Therefore, the plaintiff's right to have police disclose favorable evidence "was not clearly established in this Circuit at the time of [his] conviction," and the officers enjoyed qualified immunity from any and all *Brady* claims. *Id.* at 444.

This case is on all fours with *Gibson*. Both Plaintiff and the complainant in *Gibson* were tried and convicted in 1994 or earlier, and both subsequently tried to bring *Brady* claims against the police officers who had them arrested. *Gibson* establishes that police officers have qualified immunity from *Brady* claims if (as in this case) a plaintiff was tried and convicted in 1994 or earlier. *Id.* Therefore, the Court must dismiss the *Brady* claims against Detectives Jastrzembski and Santiago with prejudice. *See Thomas v. City of Phila.*, 290 F. Supp. 3d 371, 384-386 (E.D. Pa. 2018) (holding that police officers had no clearly established *Brady* obligations in 1994 and thus have qualified immunity from the *Brady* claim of a plaintiff who was convicted that year);

14

*Gilyard v. Dusak*, No. 16-2986, 2018 WL 2144183, at *5 (E.D. Pa. 2018) (holding that police officers had no clearly established *Brady* obligations in 2000 and thus have qualified immunity from the *Brady* claims of plaintiffs convicted in 1998).

### F. Plaintiff Cannot Bring a *Brady* Claim Against the City of Philadelphia.

Finally, even if it rejects all of the foregoing arguments, the Court should dismiss Plaintiff's *Brady* claim against the City of Philadelphia. Since Plaintiff does not contend that the City itself facially violated federal law, his *Monell* against the City claim cannot proceed unless he pleads deliberate indifference on the part of the City. *See Kelly v. Borough of Carlisle*, 622 F.3d 248, 264 (3d Cir. 2010). Moreover, deliberate indifference "is a *stringent* standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations and quotations omitted) (emphasis added); *Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 268 (E.D. Pa. 2001) (noting that it is "difficult" for a plaintiff to establish deliberate indifference).

In *Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007), a police officer commanded his canine to bite and hold a suspect without first giving the suspect a warning. *Id.* at 388. The district court "concluded that [the officer] had used excessive force . . . by commanding [his dog] to . . . bite and hold, without first providing a warning." *Id.* at 388-389. However, the court held that the officer "was protected by qualified immunity, because the right to a warning was not clearly established at the time of the incident." *Id.* at 389.

On appeal, the Eighth Circuit, sitting en banc, held that the municipality which employed the officer could not be sued under *Monell*. *Id.* at 388. The court noted that the Fourth Amendment right in question was not clearly established at the time of the incident, and then stated: "[W]e agree with the Second Circuit and several district courts that a [municipality]

15

cannot exhibit fault rising to the level of deliberate indifference to a constitutional right when that right has not yet been clearly established." *Id.* at 393 (citing several cases). The Eighth Circuit reasoned that a municipality "cannot properly be said to have exhibited . . . *deliberate* indifference to constitutional rights that were not clearly established." *Id.* at 394.

This case is on all fours with *Szabla*. As stated above, the law regarding a police department's *Brady* obligations was not clearly established at the time of Plaintiff's arrest and conviction. Given the murky state of the law, Plaintiff cannot allege that the City exhibited deliberate indifference towards *Brady* rights, for a municipality "cannot properly be said to have exhibited . . . *deliberate* indifference to constitutional rights that were not clearly established" in the first place. *Id.* (emphasis in original). Therefore, Plaintiff's *Brady* claim against the City fails. *See Thomas*, 290 F. Supp. 3d at 387 (E.D. Pa. 2018) (following *Szabala* and holding that "[b]ecause the rights at issue in the claims for . . . *Brady* violations . . . were not clearly established in 1994, the Court dismisses the *Monell* count as to these claims").

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the moving Defendants with prejudice.

Date: August 24, 2018                                Respectfully submitted,

/s/ Michael R. Miller
Michael R. Miller
Deputy City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433 (phone)
215-683-5397 (fax)
michael.r.miller@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS,<br>        Plaintiff,<br><br>        v.<br><br>CITY OF PHILADELPHIA, et al.,<br>        Defendants. | Civil Action<br>No. 18-2689 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Date: August 24, 2018

Respectfully submitted,

/s/ Michael R. Miller
Michael R. Miller
Deputy City Solicitor
Pa. Attorney ID No. 315759
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5433 (phone)
215-683-5397 (fax)
michael.r.miller@phila.gov