## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.: 18-cv-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

AND NOW, this _____ day of _____ , 2019, upon consideration of the Joint Motion To Certify Under § 1292(b) filed by all Defendants, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.  Pursuant to 28 U.S.C. § 1292(b), this Court states that its prior Order (Doc. No. 17) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**BY THE COURT:**


_____
                         J.

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.: 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

### JOINT MOTION TO CERTIFY UNDER § 1292(b)

Defendants City of Philadelphia and Detectives Frank Jastrzembski and Manuel Santiago hereby seek the entry of an Order stating that the question raised on page 1 of its Memorandum (ECF Doc. 16) in support of its Order (ECF Doc. 17) denying the Motion to Dismiss "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). That question was framed by the Court as follows:

> This case presents a novel question not yet addressed by either this Court or the Third Circuit: may an individual whose conviction for first-degree murder was vacated pursuant to a writ of habeas corpus, ordering release or a new trial, and who subsequently entered a no contest plea to third-degree murder, bring a §1983 claim for fabrication of evidence and deliberate deception in connection with the vacated conviction for first-degree murder?

Memorandum (ECF Doc. 16), at 1.

For the reasons stated in the attached Memorandum of Law, Defendants request that the Court grant this Motion and enter the proposed order filed herewith.


**CITY OF PHILADELPHIA**
**LAW DEPARTMENT**

BY: _____ */s Michael R. Miller* _____
       Michael R. Miller
       Deputy City Solicitor
       Pa. Attorney ID No. 315759
       1515 Arch Street, 14th Floor
       Philadelphia, PA 19102
       215-683-5433
       michael.r.miller@phila.gov

*Attorney for Defendant City of Philadelphia*

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____ */s John P. Gonzales* _____
       John P. Gonzales
       Pa. Attorney ID No. 71265
       2000 Market Street, Suite 2300
       Philadelphia, PA 19103
       215-575-2871
       jpgonzalez@mdwcg.com

*Attorney for Defendants Detectives Frank*
*Jastrzembski and Manuel Santiago*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES DENNIS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No.: 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION TO CERTIFY UNDER § 1292(b)**

Defendants City of Philadelphia and Detectives Frank Jastrzembski and Manuel Santiago, by and through their respective attorneys, hereby request that this Court certify its prior Order denying their Motion to Dismiss for interlocutory appeal under 28 U.S.C. § 1292(b).

The issue of whether a § 1983 claim is barred by *Heck v. Humphrey* is appropriate for certification under § 1292(b).  *See, e.g.*, *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996) ("We consolidated the interlocutory appeals filed by all defendants under 28 U.S.C. § 1292(b).  The outcome of this appeal turns on *Heck v. Humphrey*, 512 U.S. 477 (1994)."); *see also Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (reviewing, on the merits, a case where the district court denied a motion to dismiss arguing *Heck*, but certified it for immediate appeal under § 1292(b)).

## I.   Controlling Question of Law

Whether a case may proceed under *Heck* is certainly a question of law.  *E.g.*, *Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. Apr. 16, 2019) ("Bourne contends that *Heck* has 'no bearing on this case' . . . . [R]eviewing this question of law *de novo*, we determine that . . . ."); *Beets v. City of Los Angeles*, 669 F.3d 1038, 1041 (9th Cir. 2012) ("Here, whether plaintiffs' civil action is barred by *Heck* is a question of law, which is subject to de novo review.").

A question of law is controlling where an order, "if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). Controlling questions are those that are "serious to the conduct of the litigation, either practically or legally." *Id.* The "meaning of a statutory or constitutional provision" is the quintessential controlling question of law. *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676–677 (7th Cir. 2000).

The *Heck* question in this case is controlling because it affects the very availability of the claims brought in this case. A ruling that this case is barred by *Heck* is case-dispositive. *See, e.g.*, *Royal v. Durison*, 254 Fed. App'x 163, 164 (3d Cir. 2007) ("[W]e issued an order directing the parties to address whether *Heck v. Humphrey* . . . barred Royal's claim as a threshold matter. Following argument before this Court on October 3, 2007, we hold that *Heck* does, in fact, bar Royal's claim."); *cf. Lucier v. City of Ecorse*, 601 Fed. App'x 372, 376 (6th Cir. 2015) ("Because the *Heck* determination affects this Court's qualified immunity analysis, we consider Defendants' *Heck* argument first.").

Therefore, certification under §1292(b) is appropriate because there is a controlling question of law at issue.

## II.   Substantial Ground for Difference of Opinion

There is also, at the very least, a substantial ground for difference of opinion as to the applicability of *Heck* to this action. Mr. Dennis was convicted of first-degree murder, and then third-degree murder for the same event. While his first conviction was vacated on a writ of habeas corpus, he was not exonerated of his crime. On the contrary, he pled *nolo contendere* to the charge.

"'*Nolo contendere*' is a Latin phrase which means, 'I do not wish to contend[.]' When a defendant enters a plea of *nolo contendere*, he technically does not admit guilt. However, for

purposes of a criminal case, <u>a plea of nolo contendere is equivalent to a plea of guilty</u>." *Pennsylvania v. Norton*, 201 A.3d 112, 114 n.1 (Pa. Jan. 23, 2019) (emphasis added) (citing Black's Law Dictionary, and *Eisenberg v. Dep't of Pub. Welfare*, 516 A.2d 333, 335 (Pa. 1986) ("A plea of *nolo contendere*, when accepted by the court, is, in its effect upon the case, <u>equivalent to a plea of guilty</u>. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. <u>The judgment of conviction follows upon such plea as well as upon a plea of guilty</u>.") (emphasis added) (quoting *Pennsylvania v. Ferguson*, 44 Pa. Superior Ct. 626, 628 (1910))).

"[A] conviction had upon a plea of nolo contendere has the same force and effect as a conviction on a plea of not guilty [*sic*] and the record is competent evidence of the fact of conviction." *Pennsylvania v. Snyder*, 182 A.2d 495, 496 (Pa. 1962) (citing *Commonwealth v. Albert*, 82 A.2d 695, 698 (Pa. Super. 1951) ("[A] conviction had upon a plea of nolo contendere has the same force and effect as a conviction on a plea of guilty, or a jury verdict following a plea of not guilty; and when judgment has been entered on the plea of nolo contendere the record is competent evidence of the fact of conviction.").

While the *Eisenberg* Court said that a *nolo* plea cannot be used "as an admission in any civil suit for the same act," *supra* at 335, the effect of the resulting <u>conviction</u> is well settled. The *nolo* plea is "equivalent to a plea of guilty." *Norton*, 201 A.3d at 114 n.1; *Eisenberg*, 516 A.2d at 335 ("The judgment of conviction follows upon such plea as well as upon a plea of guilty."); *see also Beto v. Barkley*, 706 Fed. App'x 761, 767 (3d Cir. 2017) (noting that a crime constituting a parole violation must be established by a conviction, a plea of guilty, <u>or a plea of "nolo contendere at any time thereafter in a court of record</u>"") (quoting 61 Pa. C.S. § 6138(a)(1)).

In *Edwards v. Balisok*, a state prisoner was found guilty of prison infractions, and sentenced to, among other things, a loss of good-time credits previously accrued toward and earlier release. 520 U.S. at 644. He filed an action under § 1983 for money damages, arguing that the process of the disciplinary proceedings deprived him of his Fourteenth Amendment rights. Specifically, the prisoner claimed that deceit and bias on the part of the hearing officer resulted in the exclusion of exculpatory evidence, because "the hearing officer lied about the nonexistence of witness statements." *Id.* at 647. The Supreme Court emphatically—indeed, unanimously—concluded that this claim for "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Id.* at 648.

In this case, Mr. Dennis stands convicted of murder in the Commonwealth of Pennsylvania, based on the effect of his *nolo* plea as explained above. And this action seeks compensation "for the alleged fabrication of evidence and deliberate deception by the defendant officers," which he says unconstitutionally led to his conviction, because he was deprived of "due process of law and a fair trial." Memorandum (ECF Doc. 16), at 8–9. Defendants respectfully assert that there is a substantial ground for difference of opinion whether this claim is cognizable under § 1983, *Edwards*, 520 U.S. at 647–648, because success on this claim would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." *Smith*, 87 F.3d at 112 (quoting *Heck*, 512 U.S. at 486).

In its decision to deny Defendants' Motion to Dismiss, the Court relied on *Poventud v. City of New York*, 750 F.3d 121 (2d Cir. 2014), which held that *Heck* did not bar a § 1983 claim for constitutional violations leading to a conviction, by a plaintiff who is subject to a subsequent, not-vacated conviction. But *Poventud* itself demonstrates the substantial grounds for difference of

4

opinion on the question before the Court: *Poventud* was a very close decision (8 to 6) by an *en banc* court, and it generated, in addition to the majority opinion, one concurring opinion, one separately concurring opinion, one partially concurring and partially dissenting opinion, and two strongly worded and passionate dissenting opinions.  *See id.* at 151 (Jacobs, J., dissenting) ("The majority opinion undermines both the finality premise of *Heck* and the truth-seeking foundation of *Brady*."); *id.* at 165 ("The majority erodes *Heck* and corrupts *Brady* by adopting a deeply flawed notion of due process . . . . This holding will have consequences, none of them salutary."); *id.* at 167 (Livingston, J., dissenting) ("The majority thus errs, and badly so, in addressing the question whether Poventud may proceed with his § 1983 Brady claim without regard to an essential element that Poventud must prove at his civil trial: namely, the materiality of the undisclosed evidence").

The dissenting opinion of Judge Jacobs explained that even if a lawsuit claiming alleged *Brady* violations does not always necessarily impugn the validity of a standing conviction, the particular allegations in Mr. Poventud's case did do so.  The claim of prosecutorial wrongdoing necessarily presented a claim of innocence—that police had wrongfully identified him.  Those claims of misidentification and innocence did therefore impugn the validity of his armed robbery conviction.  *Id* at 153 (noting that the complaint's assertion that the prosecution's evidence that Mr. Poventud was at the crime scene was unreliable, and so "unambiguously impugns the validity of his guilty plea").  Similarly here, all of Mr. Dennis' misconduct allegations concern the wrongful identification of him as the murderer.  Those allegations cannot succeed without undermining Mr. Dennis conviction upon a plea of no contest that he committed that very murder.

Indeed, Mr. Dennis must prove that any alleged misconduct in tying him to the murder scene was material to his vacated conviction, but doing so can only undermine—if not outright negate—his conviction for not just being at the murder scene, but being criminally liable for the

murder.  In sum, the *Poventud* dissents demonstrate a serious difference of opinion as to how to analyze whether allegations of misconduct concerning a prior trial can impugn the validity of a subsequent conviction for the same crime.  And even the *Poventud* majority recognized that "Poventud cannot seek to collect damages for the time that he served pursuant to his plea agreement (that is, for the year-long term of imprisonment)."  *Id.* at 136 (majority opinion).

Likewise, in *Taylor v. City of Pima*, 913 F.3d 930 (9th Cir. Jan. 17, 2019), a plaintiff filed a § 1983 claim seeking "damages for wrongful incarceration stemming from the 42 years that he spent in prison."  *Id.* at 935.  Like *Poventud* and the case before this Court, the plaintiff in *Taylor* had been convicted of murder but thereafter had that conviction vacated.  *Taylor*, 913 F.3d at 932.  The plaintiff "pleaded no contest to the same counts, was resentenced to time served, and was released from prison."  *Id.*  On these facts, the Ninth Circuit held that *Heck* barred the § 1983 claim, even though it was asserted against his first, vacated conviction:

> Taylor alleges that his 1972 conviction and resulting sentence were plagued by constitutional violations and that those errors initially caused his incarceration.  Critically, however, all of the time that Taylor served in prison is supported by the valid 2013 state-court judgment.  The state court accepted the plea agreement and sentenced Taylor to time served.  For that reason, even if Taylor proves constitutional violations concerning the 1972 conviction, he cannot establish that the 1972 conviction caused any incarceration-related damages.  As a matter of law, the 2013 conviction caused the entire period of his incarceration.

*Id.* at 935.

The Court has already noted that the application of *Heck* to a § 1983 claim targeting an earlier conviction, brought by one subject to a later, undisturbed conviction for the same crime, is an open question in this Circuit.  Memorandum (ECF Doc. 16), at 1.  Even notwithstanding the Ninth Circuit's holding directly contrary to this Court's holding, and the sharply divided Second Circuit (not to mention that majority's concession on the limit to the damages recoverable), there

is at least an open and novel question present.  And "when novel legal issues are presented, on

which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for

interlocutory appeal without first awaiting development of contradictory precedent."  *FTC v.*

*Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634–635 (D.N.J. 2014) (quoting *Reese*, 643 F.3d

at 688).

Given the odds at which the rationale set forth in the Court's Memorandum (ECF Doc. 16)

and the jurisprudence recounted herein, including *Edwards*, *supra*, Defendants respectfully submit

that there is at the very least a substantial ground for difference of opinion on whether a claim for

deceit, fabrication, and the failure to disclose evidence is cognizable under § 1983, or else barred

by *Heck* because success would necessarily undermine the validity of Mr. Dennis's conviction and

confinement.

Therefore, certification under §1292(b) is appropriate because there is a substantial ground

for difference opinion on the controlling question of law at issue.

### III.   Material Advancement of the Litigation

Finally, an immediate appeal may materially advance the ultimate termination of this

litigation.  28 U.S.C. § 1292(b).

In a garden variety case, certification is proper even where a ruling on the issue would not

terminate the litigation.  *Myers v. Am. Dental Ass'n*, 695 F.2d 716 (3d Cir. 1982) (accepting one

defendant's request for interlocutory appellate review, under § 1292(b), and dismissing that

defendant for lack of personal jurisdiction, even though the other defendant waived its personal

jurisdiction defense); *In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d

462, 467 (3d Cir. 2012) (accepting for interlocutory review under § 1292(b) an appeal by one

defendant, with the sole question being whether one defendant is a joint employer of its

7

subsidiaries' employees, in a case with ten named defendants and 100 "XYZ Company" defendants not involved in the appeal and still actively defending the case in the district court); *see also* 19 Moore's Federal Practice – Civil § 203.31 (2018) (noting that the standard need not involve a question of law that "completely dispose[s] of the litigation," but must simply be "a 'controlling' question that has the potential of substantially accelerating disposition of the litigation"); Thomas E. Baker, *A Primer on the Jurisdiction of the U.S. Courts of Appeals* 59 (Fed. Jud. Ctr. 2009) ("[S]ignificantly simplifying pretrial or trial proceedings is enough to satisfy the related criterion that the interlocutory appeal 'materially advance the ultimate termination of the proceeding.'"); *see also Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Here, though, the position asserted by Defendants regarding *Heck*'s preclusive effect more than satisfies the standard under § 1292(b).  If *Heck* bars Mr. Dennis's claims, then the case is over.  *See, e.g.*, *Ebuzor-Onayemi v. Union Cty. Police Dep't*, 736 Fed. App'x 44, 46–47 (3d Cir. 2018) ("*Heck* holds that, where success in a § 1983 action would necessarily imply the invalidity of a conviction or sentence, an individual's suit for damages is barred unless she can demonstrate that her conviction or sentence has been invalidated.") (emphasis added).

Right or wrong on the question of whether *Heck* bars this action, Defendants have clearly shown that an immediate appeal may ultimately advance the termination of this matter. Certification under §1292(b) is "the biggest statutory qualification—the greatest legislative compromise—on the policy of finality that has marked the history of the courts of appeals."  Baker, *supra*, at 57.  It is an express "congressional recognition that too rigid an adherence to the finality requirement can work a severe hardship within the particular litigation and beyond it."  *Id.* at 51–52.

Saving time both for this Court and saving expense for the litigants are "highly relevant factor[s]" in considering whether to certify a case for interlocutory appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (citing the legislative history).  Here, the individual defendants in this case are contemporaneously with this Motion, seeking appellate review on an interlocutory basis of this Court's denial of their qualified immunity defense.  Where certain defendants have a right to appeal, time and resources are greatly conserved by authorizing an appeal under § 1292(b) on related issues. *See Gustavson v. Vito*, Civil Action No. 89-1944, 1989 U.S. Dist. LEXIS 9216, at *17–19 (E.D. Pa. Aug. 2, 1989) (certification under § 1292(b) of an order denying a motion to dismiss deemed reasonable and efficient where certain defendants will likely take an immediate interlocutory appeal of a qualified immunity defense to a § 1983 claim).

Therefore, certification under §1292(b) is appropriate because an immediate appeal may materially advance the ultimate termination of this action.

### IV.   <u>Conclusion</u>

A novel question not yet addressed in the Third Circuit is presented in this case: whether someone who elected to be convicted upon a plea to murder instead of seeking exoneration at trial after a stinging opinion by an en banc Third Circuit, can nevertheless challenge the procedure leading to his original murder conviction.  *See* Memorandum (ECF Doc. 16), at 1.  This, along with the individual Defendants' qualified immunity issue, is ripe for immediate consideration by the Third Circuit, because it involves a controlling question of law, as to which there is a substantial ground for difference of opinion, and a decision now may more quickly resolve the entire action.

Therefore, Defendants respectfully request that the Court certify its prior Order denying their Motion to Dismiss for immediate appellate review under 28 U.S.C. § 1292(b).

Respectfully submitted,

**CITY OF PHILADELPHIA
LAW DEPARTMENT**

BY: _____*/s Michael R. Miller*_____
    Michael R. Miller
    Deputy City Solicitor
    Pa. Attorney ID No. 315759
    1515 Arch Street, 14th Floor
    Philadelphia, PA 19102
    215-683-5433
    michael.r.miller@phila.gov

*Attorney for Defendant City of Philadelphia*

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____*/s John P. Gonzales*_____
    John P. Gonzales
    Pa. Attorney ID No. 71265
    2000 Market Street, Suite 2300
    Philadelphia, PA 19103
    215-575-2871
    jpgonzalez@mdwcg.com

*Attorney for Defendants Detectives Frank
Jastrzembski and Manuel Santiago*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Joint Motion of Defendants

To Certify was filed via the Court's electronic filing system and is available for downloading.


By: _____*/s John P. Gonzales*_____

Date:   June 14, 2019