```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES DENNIS,                    :   CIVIL ACTION
                                 :   NO. 18-2689
          Plaintiff              :
     v.                          :
                                 :
CITY OF PHILADELPHIA, et al.,    :
                                 :
          Defendants.            :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 20, 2022

## I.   INTRODUCTION

Plaintiff James Dennis ("Plaintiff") brings this action under 42 U.S.C. § 1983 against the City of Philadelphia (the "City") and Detectives Frank Jastrzembski and Manuel Santiago (the "Detective Defendants") (collectively, "Defendants"). Presently before the Court is the Detective Defendants' motion to stay discovery. The Detective Defendants specifically seek to stay Plaintiff's ability to take their depositions. For the following reasons, the Detective Defendants' motion will be granted.

## II.  BACKGROUND

In 1992, after a jury trial, Plaintiff was convicted of committing the murder of a high school student and sentenced to

death. In 2011, Plaintiff sought habeas relief in the Eastern District of Pennsylvania. Plaintiff obtained habeas relief in 2013. In 2016, the Third Circuit, sitting en banc, granted Plaintiff's request for habeas relief based on a finding that Plaintiff's trial was replete with Brady violations and that the Commonwealth of Pennsylvania's case against Mr. Dennis was "effectively gutted." Dennis v. Sec'y, Pa. Dep't of Corr., 834 F.3d 263, 269 (3d Cir. 2016). Plaintiff was to be retried. Instead, the Commonwealth offered Plaintiff a no contest plea to a reduced charge. Plaintiff agreed to enter a plea of nolo contendere to third-degree murder and was ultimately released for time served.

In the present suit, Plaintiff brings claims against Defendants under 42 U.S.C. § 1983 seeking redress for the alleged fabrication of evidence and deliberate deception by Defendants that deprived Plaintiff of his Fourteenth Amendment right to due process of law and a fair trial. Defendants moved to dismiss the claims against them. In May 2019, this Court denied Defendants' motion except with respect to Plaintiff's claim against the City for failure to train or discipline regarding Brady obligations. See Dennis v. City of Philadelphia, 379 F. Supp. 3d 420, 435-36 (E.D. Pa. 2019). The Court also held that the Detective Defendants were not entitled to qualified immunity, see id. at 434-35, and Defendants filed an

2

interlocutory appeal of this issue. On November 23, 2021, the Third Circuit affirmed this Court's ruling on the issue of qualified immunity and remanded the matter. See Dennis v. City of Philadelphia, 19 F.4th 279, 292 (3d Cir. 2021).[1] This Court then issued a revised scheduling order in which fact discovery was set to conclude by September 30, 2022.

Relevant to this motion, and while this case was pending, the Detective Defendants were indicted and charged in the Commonwealth of Pennsylvania with perjury, false swearing, and false testimony in connection with murder charges brought against an unrelated individual, Anthony Wright.[2] In his complaint in this matter, Plaintiff references the circumstances surrounding Wright's prosecution as support for his Monell claim against the City of Philadelphia. The complaint provides that various cases, including the investigation and prosecution of Anthony Wright, show that "misconduct was pervasive within the Philadelphia Police Department at time of Mr. Dennis's 1992 trial, and, upon information and belief, the misconduct described below was committed with the knowledge of Homicide Unit and PPD supervisors or because of their deliberate

---

[1] Defendants also appealed this Court's ruling that this action is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Third Circuit declined to reach this issue, finding that its jurisdiction over Defendant's interlocutory appeal did not "extend to the question of whether [Plaintiff's] claims are barred by Heck." Dennis, 19 F.4th at 285.

[2] Commonwealth v. Jastrzembski, MC-51-CR-0015176-2021 and Commonwealth v. Santiago, MC-51-CR-0015178-2021.

3

indifference to this misconduct." Compl. ¶ 85. To support the allegation that "misconduct was pervasive," the complaint references the investigation and prosecution of Anthony Wright. The complaint provides that "Mr. Wright had been convicted of the rape and murder of an elderly women based on misconduct by defendants Jastrzembski, Santiago and other homicide detectives including the tampering with evidence, coercive witness interrogation, planting evidence and numerous other actions that denied Mr. Wright a fair trial." Id.

The Detective Defendants have moved to dismiss the indictment. The motion is still pending in state court.

The Detective Defendants now move to stay discovery in this matter because they fear they may make statements during their depositions in this case that may be used against them during the criminal proceedings in state court.[3] The parties have already completed written discovery, and Plaintiff asserts he is not seeking any additional written discovery from the Detective Defendants. Further, the parties agree that the stay, if granted, would only affect Plaintiff's ability to depose the Detective Defendants, and other discovery, including depositions of third parties, may proceed. Plaintiff opposes this motion,

---

[3] The Detective Defendants do not seek to stay discovery with respect to the City of Philadelphia. During oral argument the City indicated it does not oppose the Detective Defendants' motion.

4

and after a hearing on the relevant issues, the motion is now ripe before this Court.

## III. DISCUSSION

Generally, defendants to do not "have a due process right to stay proceedings in related civil actions." Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 55 (E.D. Pa. 1980). However, courts may do so if "the interests of justice require it." Walsh Sec. v. Cristo Prop. Mgmt., 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)). To determine whether a stay will be appropriate, courts will consider six factors:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

Id. at 527; Thorpe v. City of Philadelphia, No. 19-5094, 2022 WL 991379, at *2 (E.D. Pa. Apr. 1, 2020). The factors will be addressed below.

### A. Similarity of the Issues

Typically, "[t]he degree to which issues in simultaneous civil and criminal proceedings overlap is considered the most important threshold issue when determining whether or not to

5

grant a stay." State Farm Mut. Auto. Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002). "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." Soroush v. Ali, No. 09-3703, 2009 WL 3467897, at *2 (E.D. Pa. Oct. 28, 2009) (quoting Reyes v. Freebery, No. 02-1283, 2004 WL 1737683 at *3 (D. Del. July 30, 2004)). Here, the Detective Defendants were indicted for their actions related to the prosecution of another individual, Anthony Wright. However, Plaintiff contends that there is the potential for significant overlap between this case and the Commonwealth's prosecution of the Detective Defendants because Plaintiff bases his Monell claim against the City, in part, on the Detective Defendants' involvement in Wright's prosecution. See Compl. ¶ 85. The Court agrees.

To support Plaintiff's Monell claim, Plaintiff must "identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004) (citing City of Canton, 489 U.S. 378, 388 (1989)). For support, Plaintiff will point to other instances of state employees fabricating evidence during the course of their investigation into, and the prosecution of,

6

other individuals. Plaintiff intends to point to evidence of the Detective Defendants' involvement in Wright's case as an example of this.

Further, Plaintiff brings a section 1983 claim under the theory of supervisory liability against Defendant Jastrzembski. To successfully bring this claim, Plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Min v. Morris, 737 F. Supp. 2d 332, 339 (E.D. Pa. 2010) (quoting Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001)). To support this claim, Plaintiff may also point to the Detective Defendants' involvement in Wright's case as evidence of an existing custom or practice that created an unreasonable risk of the harm Plaintiff suffered.

It is evident that the issues in both cases overlap. Thus, this factor weighs in favor of staying discovery.

### B. The Status of the Case

"Courts tend to grant stays after an indictment is returned, rather than before, because '[t]he potential for self-incrimination is greatest' post indictment." Thorpe, 2022 WL

7

991379, at *2 (quoting Judge Milton Pollack, Parallel Civil and Criminal Proceedings, 129 F.R.D. 201, 203 (1989)); see also Sperry v. Bridges, No. 18-9996, 2021 WL 5413984, at *4 (D.N.J. Nov. 18, 2021) (same). Last month, the Detective Defendants were indicted by a grand jury. Accordingly, this weighs in favor of staying the action. But cf. Thorpe, 2022 WL 991379, at *2 (finding that this factor was neutral when the defendant seeking a stay knew of the grand jury investigation for over a year and did not invoke his Fifth Amendment rights during his deposition).

### C. The Plaintiff's Interest in Proceeding Expeditiously Weighed Against Prejudice to the Plaintiff

Plaintiff filed this lawsuit almost four years ago and, after an appeal of the Court's ruling on Defendants' motion to dismiss, the case was remanded from the Third Circuit in November 2021. In December 2021, the Court issued a scheduling order setting the deadline for fact discovery for September 30, 2022. Plaintiff's position is that because this case only recently entered the discovery phase, and because the Detective Defendants are integral to this matter, staying Plaintiff's ability to depose the Detective Defendants will delay the resolution of this matter. Plaintiff suggests that as a result of court congestion caused by COVID-19 related issues, the Detective Defendants' criminal action will not proceed to trial

8

in state court for at least another eighteen months. As Plaintiff points out, the underlying events took place approximately 20 years ago, and "[m]emories have faded, and evidence might have been lost. Further delays will only exacerbate those problems." Thorpe, 2022 WL 991379, at *2 (citing Shirsat v. Mut. Pharm. Co., Inc., No. 93-3202, 1995 WL 695109, at *2 (E.D. Pa. Nov. 21, 1995)). Accordingly, to the extent that additional delays will prejudice Plaintiff, this factor weighs against staying the matter.

### D. The Private Interests and Burden on Defendants

The Court must also consider the potential risk of the Detective Defendants implicating their Fifth Amendment rights. The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Lefkowitz v. Turley, 414 U.S. 70, 77 (1973). This right protects against disclosures "which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 445 (1972). Generally, the Fifth Amendment's protections "must be confined to instances where the witness has reasonable cause to

9

apprehend danger from a direct answer." Hoffman v. United States, 341 U.S. 479, 486 (1951).

The Detective Defendants contend that they will not be able to offer testimony without "fear that the District Attorney might attempt to use the circumstances of this incident as evidence against them in [the criminal action]," and if the stay is not granted, the Detective Defendants "will be forced to choose between surrendering their Fifth Amendment rights or forfeiting the opportunity to present a complete and adequate defense to the present civil suit . . . ." Def. Mot. at 8-9, ECF No. 47.

Plaintiff, in turn, proposes that, in order to alleviate the burden of further delay on Plaintiff while safeguarding the rights of the Detective Defendants, at the depositions, Plaintiff's counsel will not question the Detective Defendants about the events involving Wright. Plaintiff also proposes to keep the deposition transcripts under seal until the resolution of the pending criminal charges. The Detective Defendants oppose this plan, explaining that Plaintiff may still raise questions about the Detective Defendants' investigative processes that may require them to invoke their Fifth Amendment rights. The Detective Defendants also note that the deposition transcripts may still be produced in response to a subpoena request. In

short, The Detective Defendants emphasize that this does not fully protect their rights against self-incrimination.

Here, because Plaintiff has yet to take the depositions of the Detective Defendants, there are serious concerns with respect to the Detective Defendants' Fifth Amendment rights. The acts the Detective Defendants took in assisting with the prosecutions of Plaintiff and Wright relate to a potential pattern of violations. Thus, there is a real possibility that the Detective Defendants will be prejudiced if questioned about their handling of these investigations. This is not a situation where a defendant is seeking a stay at the close of discovery. See Thorpe, 2022 WL 991379 at *3. Instead, the Detective Defendants are seeking a stay at a time where they are most likely to invoke their Fifth Amendment rights. Thus, this factor weighs in favor of staying the matter.[4]

**E. The Interests of the Court**

Though the Court does have an interest in proceeding efficiently and expeditiously, there is a possibility that staying the case while the criminal prosecution is ongoing may preserve judicial resources in the long run. Thus, this factor is, at least, neutral.

---

[4] The Court notes that in an unrelated section 1983 case against the Detective Defendants, Williams v. City of Philadelphia, No. 21-5268, Judge Younge recently granted the Detective Defendants' motion to stay after considering the pending criminal prosecution of the Detective Defendants in the Commonwealth. See Williams, No. 21-5268, ECF No. 37.

11

### F. The Public Interest

Finally, the Court must consider the public's interest in this matter. It is true that "[t]he public has an important interest in holding its public officials accountable for misconduct as promptly as possible, even if that specific misconduct did not result in criminal charges." Thorpe, 2022 WL 991379, at *4. However, in holding those public officials accountable, it is important that this be done in a manner that does not infringe upon the rights of the Detective Defendants. Moreover, "[a] stay may 'benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity.'" Sperry, 2021 WL 5413984, at *6 (quoting Walsh, 7 F. Supp. 2d at 529). If the stay is not granted, the Detective Defendants may invoke their Fifth Amendment rights in this case which will prevent some pertinent information from becoming part of the public record. Thus, at best, this factor is neutral.

### IV. CONCLUSION

Because the majority of the factors are neutral or weigh in favor of staying the action, the Detective Defendants' motion will be granted. As outlined in the accompanying order, the parties will be required to provide status updates every sixty days from the date of the accompanying order and every sixty days thereafter so the Court may consider whether the stay shall

12

remain in place. Additionally, in light of the changing circumstances, any party may move to lift the stay for good cause.