IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                               **October 30, 2023**

Plaintiff James Dennis brings this suit under 42 U.S.C. § 1983 against the City of Philadelphia, Detective Frank Jastrzembski, and Detective Manuel Santiago (collectively, "Defendants") to recover damages arising from Defendants' fabrication of evidence and deliberate deception leading to Dennis' wrongful first-degree murder conviction and death sentence, which were later set aside on federal habeas review. Defendants move for summary judgment, arguing Dennis' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Because Dennis' claims do not imply the invalidity of his subsequent third-degree murder conviction, his claims are not barred by *Heck*.

**BACKGROUND**

On October 22, 1991, Chedell Williams and Zahra Howard were accosted by two men at the Fern Rock SEPTA station. *Dennis v. Sec'y of Pa. Dep't of Corr.*, 834 F.3d 263, 269 (3d Cir. 2016). The men tried to steal their earrings, and the two girls ran in opposite directions. *Id*. The assailants followed Williams, and after a struggle, one of them shot her in the neck. *Id*. Following a series of tips and anonymous rumors, the police began to focus their investigation on James Dennis. *Id*. at 269-70. In 1992, a jury convicted Dennis of first-degree murder, robbery, carrying a firearm without a license, criminal conspiracy, and possession of an instrument of a crime. *Id*. at 275. The jury sentenced him to death. *Id*.

1

Alleging police misconduct and *Brady* violations, Dennis filed a successful habeas petition in this Court in 2011. *Dennis v. Wetzel*, 966 F. Supp. 2d 489, 490-91 (E.D. Pa. 2013). The Third Circuit, sitting en banc, affirmed the grant of the writ and vacated Dennis' 1992 conviction. *Dennis*, 834 F.3d at 269. The Commonwealth then offered him a nolo contendere plea to the reduced charge of third-degree murder, with the sentence of time served. Ex. J-2 at 6, ECF No. 75-3. After spending over 25 years on death row for his 1992 conviction, in 2016, Dennis entered a plea of nolo contendere and left prison. *Id*. at 33-38.

On June 27, 2018, Dennis commenced this 42 U.S.C. § 1983 action against the City of Philadelphia and two detectives from the Philadelphia Police Department for violations of his Fourteenth Amendment right to due process of law and a fair trial in connection with his 1992 conviction. Defendants now move for summary judgment.

**STANDARD OF REVIEW**

A court must grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Only disputes as to material facts—i.e., those which "might affect the outcome of the suit under the governing law"—will preclude summary judgment. *Id*. at 248. When considering a motion for summary judgment, the court must "view all facts in the light most favorable to the non-moving party and draw all inferences in that party's favor." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). Viewing the facts in this light, summary judgment must be denied if a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

**DISCUSSION**

Dennis brings § 1983 claims of fabricated evidence and deliberate deception, contending Defendants deprived him of his Fourteenth Amendment right to due process of law and a fair trial. Compl. ¶ 94. Dennis alleges Defendants fabricated three pieces of evidence: (1) "clothing that defendants' falsely claimed had been seized from Mr. Dennis's house"; (2) witness testimony by Charles Thompson "who was coerced into stating that he had seen Mr. Dennis with a gun"; and (3) "the Cason receipt," which "would have corroborated the alibi testimony of an independent witness." *Id*. Dennis also alleges Defendants "deliberately deceived counsel and the court by concealing and/or suppressing" four pieces of evidence: (1) the Cason receipt; (2) the detectives' "activity sheets" which "showed inconsistencies in the testimony of a key prosecution witness and information that persons other than Mr. Dennis may have murdered Chedell Williams"; (3) information and documents showing "a critical eyewitness, George Ritchie, had failed to identify Mr. Dennis from the photo array"; and (4) the existence of witness William Frazier, "who had reported that someone other than Mr. Dennis had confessed to the murder." *Id*.

Defendants argue Dennis' claims are barred by *Heck* because his claims necessarily imply the invalidity of his 2016 conviction.[1] Detectives' Mot. for Summ. J. 28, ECF No. 71; City's Mot. for Summ. J. 17, ECF No. 72. The City further argues Dennis' *Monell* claim under Count V fails because there is no underlying constitutional injury. City's Mot. for Summ. J. 30. And while the detectives initially argued they were entitled to qualified immunity from Dennis' failure to intervene claim in Count III, the parties have since stipulated to Count III's dismissal. ECF No. 73.

---

[1]     Defendants previously moved to dismiss the complaint in this case based on the same *Heck* argument. Judge Robreno, to whom the case was then assigned, concluded *Heck* did not bar Dennis' claims. *Dennis v. City of Phila.*, 379 F. Supp. 3d 420, 430 (E.D. Pa. 2019), *aff'd in part, appeal dismissed in part*, 19 F.4th 279 (3d Cir. 2021).

The Supreme Court in *Heck* held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87. If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the action must be dismissed. *Id*. at 487. Thus, if prevailing in a § 1983 action requires "negat[ing] an element of the offense of which he has been convicted," the action is barred by *Heck*. *Id*. at 486 n.6. But if a district court determines a § 1983 action, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id*. at 487.

The *Heck* analysis heavily relied on an analogy to the common law tort of malicious prosecution, a cause of action which requires a "favorable termination" of the prior criminal proceeding in favor of the accused. *Id*. at 484. Still, *Heck* explicitly recognized other § 1983 claims would *not* require a favorable termination as an element of the offense. *See id*. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction…[b]ecause of doctrines like independent source and inevitable discovery…."). Indeed, footnote seven of *Heck* has manifested in several subsequent cases, including "two-conviction" cases where the plaintiff's first conviction is invalidated, but a second, valid conviction follows. *See, e.g.*, *Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) ("Not every § 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination."); *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir.

2014) (finding *Heck* did not bar plaintiff's § 1983 claim when plaintiff's first conviction was vacated but his second conviction was not).

Thus, rather than focusing on the "favorable termination" element specific to malicious prosecution claims, the key inquiry under *Heck* is more accurately summarized by Judge Robreno in his motion to dismiss ruling:

> First, the Court asks the following question: would a favorable judgment in the plaintiff's § 1983 action undermine the validity of his conviction or sentence? If yes, the Court proceeds to the second step and asks the following question: has that conviction or sentence…been invalidated? *Heck* supplies four ways in which the conviction or sentence could be invalidated: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by an authorized state tribunal, or (4) called into question by a federal writ of habeas corpus.

*Dennis*, 379 F. Supp. 3d at 428. And as Judge Robreno explained, the same inquiry applies in two-conviction cases—the only difference is the inquiry must be applied to both convictions. *Id*. at 428-29.

*Poventud* is instructive because it examined a two-conviction case—like Dennis' case—and therefore helps illustrate why Defendants' motions for summary judgment must be denied. In *Poventud*, the plaintiff was convicted of attempted murder, a state court vacated that conviction due to a *Brady* violation, and the plaintiff then pled guilty to a lesser charge of attempted robbery. *Poventud*, 750 F.3d at 124. When the plaintiff brought a § 1983 suit seeking damages for the *Brady* violation, the district court ruled his claims were barred by *Heck* because they "called into question" his second conviction. *Id*. Specifically, the district court found *Heck* appliable because the plaintiff's alibi defense at the trial resulting in his attempted murder conviction "was factually inconsistent with his subsequent guilty plea…[which] acknowledged his presence at the scene of the crime." *Id*. at 127, 137.

The Second Circuit reversed because the district court erred in "treat[ing] Poventud's case as though it were a malicious prosecution claim." *Id*. at 134. The district court had incorrectly measured the plaintiff's alibi defense against his subsequent guilty plea, even though a *Brady* violation "does not depend on factual innocence, but rather what would have been proven absent the violation." *Id*. The Second Circuit emphasized that "[u]nlike malicious prosecutions, many violations of constitutional rights, even during the criminal process, may be remedied without impugning the validity of a conviction." *Id*. at 132. Poventud's *Brady*-based § 1983 claim was one such case: because "the remedy for a *Brady* violation is *vacatur* of the judgment of conviction and a new trial in which the defendant now has the *Brady* material available to her," the *Brady* violation could not have implied the invalidity of Poventud's second conviction—the remedy necessarily cured his second conviction of the *Brady* violation. *Id*. at 132-34. Accordingly, the Second Circuit concluded Poventud "ha[d] the right to argue to the jury that, with the main State witness impeached, he would have been acquitted based on reasonable doubt or convicted on a lesser charge." *Id*. at 134.

Defendants similarly err when they insist Dennis' claims depend on his factual innocence. Here, Dennis has alleged Defendants' fabrication of evidence and deliberate deception violated his Fourteenth Amendment right to due process and a fair trial in connection with his 1992 conviction. As Judge Robreno previously explained, fabricated evidence and deliberate deception "thwart the basic purposes of due process and work to deny an individual a fair trial"—similar to a *Brady* violation. *Dennis*, 379 F. Supp. 3d at 430. And unlike a malicious prosecution claim, Dennis' claims do not require favorable termination. Thus, so long as the elements of Dennis' § 1983 claims do not depend on his ultimate guilt or innocence—i.e., so long as an element of his 2016 conviction is not negated—*Heck* does not bar his § 1983 claims. *See Heck*, 512 U.S. at 486

n.6; *see also Poventud*, 750 F.3d at 138 ("No element of his § 1983 *Brady* claim requires Poventud

to prove his absence from the scene of the crime; if it did, his claim would be *Heck*-barred.").

Dennis' claims do not depend on his ultimate guilt or innocence. For Dennis to succeed on

his § 1983 claim for fabrication of evidence, he must prove "there is a reasonable likelihood that,

without the use of [the fabricated] evidence, [he] would not have been convicted" of first-degree

murder. *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). Meanwhile, Dennis will only succeed

on his deliberate deception claim if he proves "by a preponderance of the evidence that he would

not have been convicted of first-degree murder in the absence of the deliberate deception." *Dennis*,

379 F. Supp. 3d at 432 (citing *Drumgold v. Callahan*, 707 F.3d 28, 49 (1st Cir. 2013)). Neither a

"reasonable likelihood" nor a showing "by a preponderance of the evidence" *necessarily* imply the

invalidity of Dennis' 2016 conviction for third-degree murder. The Court will not read these

requirements to mean a factual finding of innocence is necessary.

Further, the requirements of Dennis' § 1983 claims do not *necessarily* negate any element

of his 2016 third-degree murder conviction. *See Heck*, 512 U.S. at 486 n.6 ("In order to prevail in

this § 1983 action, he would *have* to negate an element of the offense of which he has been

convicted.…[therefore] the § 1983 action will not lie." (emphasis added)). Defendants correctly

state the elements of third-degree murder: (1) a human being has unlawfully been killed; (2) the

accused caused the death; and (3) the accused acted with malice. Detectives' Mot. for Summ. J.

14-15. But Defendants go too far in arguing Dennis' success would necessarily negate any element

of his 2016 conviction. That Dennis might not have been convicted under a reasonable likelihood

or by a preponderance of the evidence does not mean any of the elements of his 2016 conviction

are necessarily negated. As the Second Circuit in *Poventud* explained: Dennis "has the right to

argue to the jury that, [without the fabricated evidence and deliberate deception], he would have

been acquitted based on reasonable doubt or convicted on a lesser charge." *Poventud*, 750 F.3d at

135. Defendants' arguments to the contrary fail to distinguish between actual innocence and

arguing "the [Commonwealth] did not carry its burden of proving [Dennis] guilty beyond a

reasonable doubt." *Id*. at 135 n.17.[2]

The Court also notes Defendants' examples of *Heck*-barred claims negating a conviction

element do so explicitly, unlike Dennis' claims. *See, e.g.*, *Heck*, 512 U.S. at 486 n.6 (§ 1983 claim

seeking damages due to *unreasonable* seizure barred by *Heck* because conviction for resisting

arrest necessarily required a *lawful* arrest); *Ramos-Ramirez v. Berwick Borough*, 819 F. App'x

103, 106-07 (3d Cir. 2020) (explaining appellant alleging she *did not chase* her ex-boyfriend would

negate her guilty plea to simple assault by *chasing* ex-boyfriend with a knife); *Blacknall v.

Citarella*, 168 F. App'x 489, 491 (3d Cir. 2006) (finding claims of *unlawful* arrest and

imprisonment *Heck*-barred because underlying conviction necessarily required a *lawful* arrest);

*Olick v. Pennsylvania*, 739 F. App'x 722, 726 (3d Cir. 2018) (finding appellant's claims of false

arrest and false imprisonment *Heck*-barred because appellant explicitly *denied harassment* while

his underlying conviction *was for harassment*).

---

[2]    Defendants repeatedly frame Dennis' claims in this black-and-white manner: either Dennis
succeeds on his § 1983 claims and is necessarily innocent, or his § 1983 claims are barred by *Heck*
because he is guilty of third-degree murder. *See, e.g.*, Detectives' Mot. for Summ. J. 28 ("In sum,
should Mr. Dennis succeed here, there would be but one question remaining: *Who murdered
Chedell Ray Williams*?"); City's Mot. for Summ. J. 26 n.6 ("Accepting…that Plaintiff can meet
his burden on his fabrication and deliberate claim, it would be an impossibility for Plaintiff to be
guilty of *any* murder.").
       This framing blurs the line between innocence and the Commonwealth's burden of proof.
Even if suppressing the evidence at issue "effectively gutted the Commonwealth's case against
Dennis," *Dennis*, 834 F.3d at 269, this does not mean Dennis' § 1983 claims necessarily negate an
element of third-degree murder. It only proves the Commonwealth would have been severely
weakened in its ability to meet its burden beyond a reasonable doubt.

The Court disagrees with Defendants' mischaracterization of Dennis' claims. Defendants contend Dennis' "second conviction results from satisfaction of the same exact material elements *and* proofs as the vacated conviction"; that is, the same "core evidence" that supported the vacated conviction "also supports the second 'clean' conviction." Detectives' Mot. for Summ. J. 27; City's Mot. for Summ. J. 29. But Dennis' nolo contendere plea to third-degree murder was not based on any of the evidence he now challenges in this § 1983 claim. Ex. J-2 at 25-30. In fact, Dennis is explicitly not challenging the identification testimony offered as the factual basis for his nolo contendere plea.[3] Pl.'s Resp. to Summ. J. 22-23, ECF No. 74. Instead, Dennis is challenging violations of his right to due process and a fair trial. Because Defendants have not shown Dennis' § 1983 claims imply the invalidity of his 2016 conviction, *Heck* does not bar Dennis' claims.

The City also contends Dennis' *Monell* claim in Count V fails because the City believes the alleged constitutional injuries are barred by *Heck*. City's Mot. for Summ. J. 30. Under a *Monell* theory of liability, a state actor may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," violates a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). As discussed above, *Heck* does not bar Dennis' claims. Accordingly, Dennis' alleged constitutional injuries of fabricated evidence and deliberate deception satisfy *Monell*'s constitutional injury requirement, and the Court denies the City's request for summary judgment as to Count V.

**CONCLUSION**

---

[3]     Defendants also argue Dennis' § 1983 claims necessarily undermine the identification testimony proffered at his nolo contendere plea hearing. Detectives' Reply to Pl.'s Resp. 10, 13, ECF No. 77-1. This again ignores that Dennis need only show he would not have been convicted under a reasonable likelihood or by a preponderance of the evidence—none of the nolo contendere identification testimony would be *necessarily* impugned by such a showing.

Defendants have failed to show Dennis' § 1983 claims concerning due process violations during his 1992 trial imply the invalidity of his 2016 nolo contendere plea to third-degree murder and related charges. Accordingly, the Court will deny Defendants' motions for summary judgment.

An appropriate Order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.