# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS,    Plaintiff | : <br> : |
| v. | :   Civil Action No. 18-2689 <br> : |
| CITY OF PHILADELPHIA, ET AL.    Defendants | : <br> : |

# ORDER

AND NOW, this _____ day of _____, 2024, it is hereby ORDERED that Defendant City of Philadelphia's Second Motion *in Limine* to Preclude or Limit the Testimony of Joseph Pollini and Marc Bookman is DENIED.

BY THE COURT:

_____
HON. JUAN R. SANCHEZ
United States District Court

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS,       : | |
|     Plaintiff     : | |
| v.                  : | Civil Action No. 18-2689 |
|                     : | |
| CITY OF PHILADELPHIA, ET AL.  : | |
|     Defendants | |

### PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF PHILADELPHIA'S SECOND MOTION *IN LIMINE* TO PRECLUDE OR LIMIT THE EXPERT TESTIMONY OF JOSEPH POLLINI AND MARC BOOKMAN

Plaintiff, by his counsel, Paul Messing, and Kairys, Rudovsky, Messing, Feinberg & Lin, respectfully requests that this Court deny Defendant City of Philadelphia's Second Motion *in Limine* to Preclude or Limit the Testimony of Joseph Pollini and Marc Bookman.

In support of this request, the plaintiff incorporates by reference the attached Memorandum of Law.

Respectfully submitted,

S/ Paul Messing
Paul Messing
Kairys, Rudovsky, Messing, Feinberg & Lin
718 Arch Street, Suite 501S
Philadelphia, PA 19106
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DENNIS,** : | |
|     **Plaintiff** : | |
|     v. : | Civil Action No. 18-2689 |
| : | |
| **CITY OF PHILADELPHIA, ET AL.** : | |
|     **Defendants** | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT CITY OF PHILADELPHIA'S
SECOND MOTION *IN LIMINE* TO PRECLUDE OR LIMIT THE
EXPERT TESTIMONY OF JOSEPH POLLINI AND MARC BOOKMAN**

**I. Introduction**

On June 19, 2023, Defendant City of Philadelphia ("the City") filed separate motions to preclude the testimony of Joseph Pollini, the plaintiff's expert on municipal police practices, and Marc Bookman, the plaintiff's expert on capital representation and sentencing. Defendants Jastrzembski and Santiago sought leave to join in each motion.

On June 26, 2023, the plaintiff filed separate responses to each of these defense motions, which are incorporated by reference. As Judge Robreno did not issue an Opinion or Order ruling on either motion, the motions remain pending before this Court.

On February 23, 2024, the City again filed motions *in limine* with respect to Mr. Pollini and Mr. Bookman in which the same issues raised in the City's original motions have been recycled. It is unclear why the City has filed repetitive motions raising the same issues, all of which were fully addressed in the plaintiff's initial responses.

Plaintiff does not wish to burden the Court with additional submissions that simply repeat that which is already before the Court. However, as there are two particular issues that the City continues to mischaracterize, we submit this brief response.

1

**II. Argument**

**A. Findings of Joseph Pollini**

The City claims, as in its initial motion *in limine*, that Mr. Pollini should be barred from expressing "sweeping and impermissible legal conclusions." It is correct that experts may not offer legal conclusions, such as whether the police had "probable cause" to arrest or "reasonable grounds" to conduct a stop and frisk. In fact, the cases cited in the City's Memorandum, at 3-4, relate to precisely such situations.[1]

However, Rule 702, F.R.Evid., provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces the ultimate issue to be decided by the trier of fact." Still, expert testimony which "merely tell[s] the jury what result to reach" is improper. Fed. R. Evid. 704 Advisory Committee's Note. Accordingly, an expert should not be permitted to testify as to an ultimate legal conclusion in the case, "as to do so would improperly invade the province of the court and the jury." *Toscano v. Case*, 2013 WL 5333206, at *8 (D.N.J. Sept. 20, 2013) (citing *AT & T Corp. v. JMC Telecom, LLC*, 470 F.3d 525, 534 (3d Cir. 2006)).

---

[1] *See Damiani v. Momme*, 2012 WL 1657920 (E.D.Pa. May 11, 2012) (opinion that force used was "punitive" and "abusive" barred as invading the jury's province); *Wichterman c. City of Philadelphia*, 2020 WL 7488645 (E.D.Pa. December 21, 2021) (court permits police practices expert R. Paul McCauley to offer a variety of findings and opinions as to the officer's violation of accepted police practices, but bars use of the term "deliberate indifference" as it expresses a legal opinion); *Devine v. Middletown Township*, 2016 WL 1728372 (E.D.Pa. April 29, 2016) (court permitted Dr. McCauley to express a number of conclusions as to whether the officers followed accepted procedures, but not the ultimate question of whether the "use of deadly force was unreasonable" as it was the ultimate legal issue in the case); *Robertson v. City of Philadelphia*, 2001 WL 210294 (E.D.Pa. March 1, 2001) (expert may not opine that the defendants are "constitutionally liable for plaintiffs' injuries and damages").

Mr. Pollini's expert report does not contain impermissible "legal conclusions" that are barred under Rule 702 and federal law, nor does the report "tell the jury what result to reach." Rather, he makes appropriate findings and draws permissible conclusions based on his exhaustive knowledge of police and municipal practices, and his research over many years of Philadelphia Police Department (PPD) policies and practices. Thus, Mr. Pollini's opinions as to whether the individual defendants violated accepted police practices, the City failed to properly train, supervise and discipline officers consistent with accepted municipal practices, and, ultimately, whether the actions and conduct of the defendants were a contributing cause of Mr. Dennis conviction and sentence are entirely permissible. *See Evans v. United States*, 2017 WL 5193252 (E.D.Pa. November 8, 2017), citing *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004). In the event that Mr. Pollini deviates from the proscriptions of Rule 702 at trial, the defense is of course free to object to any such testimony.[2]

The City also claims that Mr. Pollini's testimony should be barred because he relies on documents provided by the plaintiff's counsel, the findings of other experts, and what the defendant categorizes as "irrelevant" materials, such as information about unrelated narcotics cases. City's Memorandum, at 5. In fact, it is common and appropriate for experts to be provided materials by the party who is seeking their opinions on subjects related to those materials (as the defendants did with regard to their police practices expert Joseph Gamble). And, as made clear in the plaintiff's response to the defendants' initial *Daubert* motion, it is entirely proper for

---

[2] Defendants have retained Joseph Gamble, who they intend to present at trial as an expert in police practices. Mr. Gambles "expert report" examines many of the issues addressed by Mr. Pollini and, like Mr. Pollini, offers an array of opinions on the issue of whether the defendants violated police or municipal practices that caused the constitutional violations at issue in this case.

3

experts to rely on the findings of other experts where, as here, the testifying expert has an independent basis for his or her conclusions.

Finally, as to the City's issue with Mr. Pollini's reference to narcotics cases and the failure to discipline repeat offenders such as Officer Santos, those materials were reviewed by Mr. Pollini as an integral part of his study of the PPD's defective disciplinary system. The City cannot, on the one hand, claim that Mr. Pollini had no factual basis for his opinions and, on the other, argue that he surveyed too many materials about the PPD's operation. In short, while the defendants are free to cross-examine Mr. Pollini on the basis for his opinions, and to challenge the probative value of his findings, the City's sundry objections provide no grounds to bar the expert witness.

On the other issues that the City seeks to relitigate in its newest submission, the plaintiff relies on his response to the City's initial motion *in limine*/*Daubert* challenge. There is no basis to limit or preclude the testimony of Mr. Pollini.

**B. Findings of Marc Bookman**

The City offers no grounds for exclusion of Mr. Bookman's testimony that differ from the baseless arguments offered in its initial motion *in limine*/*Daubert* challenge. The City continues to argue that Mr. Bookman's opinions are speculative with regard to the likely sentence Mr. Dennis would have received had he been able to enter a *nolo* plea to reduced charges in 1992. The City does not seem to grasp the significance and legal implications of the sentencing guidelines laws, which serve as a core basis for Mr. Bookman's findings. This position reflects a misunderstanding of Pennsylvania sentencing law in which the Sentencing Guidelines play a critical role.

4

The City's argument is also at odds with the defendants' recent concession that "Mr. Dennis can recover, at best, only for damages of the disparate confinement between his first-degree murder sentence and his third-degree murder sentence."[3]  To that end, the plaintiff must be in a position to explain to the jury how to calculate that loss.

That brings us to the relevance of Mr. Bookman's testimony.  As a public defender many years ago when the Sentencing Guidelines were enacted, it took weeks of training for me and my colleagues at the Defender Association and the District Attorney's Office to understand the intricacies of the guidelines.  A jury cannot be expected to comprehend and meaningfully apply the guidelines without the assistance of a witness with the kind of "specialized knowledge and experience" of an expert like Marc Bookman.  Indeed, as was made clear in the plaintiff's initial response to the City's *Daubert* challenge, there is no one in this part of the country that understands the minutiae of sentencing law in homicide cases at the level of Mr. Bookman.

There are no grounds to limit or preclude the testimony of Marc Bookman.

---

[3] See City's Motion *in Limine* to Preclude Cumulative Damages Witnesses, at 2, which is pending before this Court.

### III. Conclusion

For the reasons set forth in Plaintiff's Responses to the City's Motion to Preclude the Testimony of Joseph Pollini and the City's Motion to Preclude the Testimony of Marc Bookman, and because there is no basis in law or fact to support the City's motions, the plaintiff requests that the City's Second Motion *in Limine* to Preclude or Limit the Testimony of Joseph Pollini and Marc Bookman be denied.

Respectfully submitted,

 *S/ Paul Messing*
Paul Messing
KAIRYS, RUDOVSKY, MESSING,
    FEINBERG & LIN
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400

Counsel for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS, | : |
|     Plaintiff | : |
|   v. | :   Civil Action No. 18-2689 |
| | : |
| CITY OF PHILADELPHIA, ET AL. | : |
|     Defendants | |

## CERTIFICATE OF SERVICE

    I, Paul Messing, certify that I have caused to be delivered by ECF a copy of Plaintiff's Response to Defendant City of Philadelphia's Second Motion *in Limine* to Preclude or Limit the Testimony of Joseph Pollini and Marc Bookman and a supporting Memorandum of Law to:

    Bailey Axe, Esquire
    Law Department
    1515 Arch Street
    Philadelphia, PA 19102
    Counsel for Defendant

    Joseph Santarone, Esquire
    2000 Market Street
    Suite 2300
    Philadelphia, PA 19103

                                                  *S/ Paul Messing*
                                                  Paul Messing

Date: March 14, 2024