IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                        April 8th, 2024

Plaintiff James Dennis moves in limine for an order: (1) barring Defendants from arguing or introducing evidence suggesting his 2016 *nolo contendere* plea to charges of third-degree murder, robbery, carrying a firearm without a license, possession of an instrument of crime, and conspiracy to commit robbery is evidence of guilt; and allowing him to (2) assert his innocence of Chedell Williams' murder and (3) offer evidence relating to the circumstances leading to his 2016 *nolo* plea. Mem. Law. Restrict *Nolo* 2, ECF No. 105. Defendants have jointly moved to bar Dennis from asserting he is innocent of Williams' murder and for a jury instruction establishing Dennis' conviction for the murder of Williams. Mem. Supp. Enforce *Heck* 1, ECF No. 116.

**DISCUSSION**

As to the first issue raised by Dennis, the Court agrees his *nolo* plea is inadmissible as evidence of guilt. Federal Rule of Evidence 410 explicitly bars the use of such pleas, providing in a civil or criminal case, evidence of a *nolo* plea "is not admissible against the defendant who made the plea or participated in the plea discussions." Fed. R. Evid. 410(a)(2). The Third Circuit has noted there may be circumstances in which a *nolo* plea would not be precluded by Rule 410, such as when "a defendant levels a collateral attack on his prior conviction." *Sharif v. Picone*, 740 F.3d 263, 269 (3d Cir. 2014). But Defendants' motion for summary judgment was denied precisely because this Court concluded Dennis is not leveling a collateral attack on the convictions resulting

1

from his 2016 *nolo* plea. *See* Mem. 9, 10/30/2023, ECF No. 93 ("Dennis is challenging violations

of his right to due process and a fair trial. . . . Defendants have not shown Dennis' § 1983 claims

imply the invalidity of his 2016 conviction."). The City nonetheless argues Dennis' *nolo* plea is

admissible under Rule 410(b)(1) "inasmuch as he opens the door to it." City's Resp. Opp'n Restrict

*Nolo* 3, ECF No. 140. This argument fails because Rule 410(b) does not apply to *nolo* pleas—it

only applies to statements made during plea proceedings and discussions, as described in Rule

410(a)(3) and (4). *See* Fed. R. Evid. 410(b). Dennis' motion is granted as to the use of his 2016

*nolo* plea as evidence of guilt.[1]

Dennis separately seeks to "offer evidence relating to the circumstances" of his 2016 *nolo*

plea. *See* Mem. Law. Restrict *Nolo* 8-9, ECF No. 105. Because no specifics are provided on said

"circumstances," Dennis' motion is denied without prejudice to reassertion once a description of

the "circumstances" on which he wishes to offer into evidence is provided.

Aside from the City's Rule 410(b)(1) argument, Defendants do not contest that Dennis'

2016 *nolo* plea is inadmissible as evidence of guilt. Instead, they assert Dennis' 2016 *convictions*

stemming from the plea are admissible under Rule 609 and *Heck v. Humphrey*, 512 U.S. 477

(1994).[2] Defendants correctly distinguish between a *nolo* plea and the convictions flowing from

---

[1]     While the Court concludes Defendants cannot introduce Dennis' 2016 *nolo* plea as
evidence of guilt for purposes of Dennis' motion in limine, the Court understands that Dennis may
seek to introduce evidence regarding the plea as relevant to damages. Dennis has since clarified
his 2016 *nolo* plea "is relevant and admissible as to damages. Mr. Dennis will concede that he did
not contest the summary of predicate evidence at his plea hearing in 2016, and that such a plea is
considered a 'conviction' under federal and state law." Pl.'s Post-Argument Mem. 1, ECF No.
181.

[2]     Dennis' briefing largely does not distinguish between his *nolo* plea and the convictions
stemming from the plea. As clarified at oral argument, the Court understands Dennis to argue his
*nolo* plea and the resulting convictions are inadmissible both as evidence of guilt and for
impeachment purposes. *See* Pl.'s Post-Argument Memo 1-2, ECF No. 181.

the plea. *See Sharif*, 740 F.3d at 271 ("Rule 410 does not bar the admission of a *conviction* resulting from a nolo plea, but rather prohibits only the admission of the plea itself." (citation omitted)). As the court in *Sharif* explained, while a *nolo* plea is not a *factual* admission of guilt, the resulting conviction is a *legal* finding of guilt. *Id.* (citation omitted). The conviction is therefore "admissible subject to the limitations of the other Rules of Evidence." *Id.* (citation omitted).

Defendants argue Dennis' 2016 convictions are admissible for impeachment purposes under Rule 609.[3] "Rule 609 governs when prior convictions can be admitted to attack a witness' character for truthfulness." *Sharif*, 740 F.3d at 272. The Rule provides that in a civil case, evidence that a witness was convicted of a crime "punishable by death or by imprisonment for more than one year . . . must be admitted, subject to Rule 403." Fed. R. Crim. P. 609(a)(1)(A). Because Rule 609 is subject to Rule 403, "courts must consider whether the probative value of a prior conviction is substantially outweighed by the prejudicial effect of admitting the conviction." *Sharif*, 704 F.3d at 272. To do so, courts weigh four factors "against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand." *Id.* (citation omitted).

As to the first factor, the nature of the convictions weighs in favor of Dennis. The Third Circuit has noted "crimes of violence are [often] less probative of honesty than are crimes involving deceit or fraud." *Id.* at 273. This does not necessarily mean crimes of violence are

---

[3]     Though Defendants Jastrzembski and Santiago's response in opposition only discusses Dennis' 2016 robbery conviction, their counsel clarified at oral argument that they are not conceding Dennis' other 2016 convictions are inadmissible, and focused only on robbery as an example. Because the City affirmatively argues *all* of Dennis' 2016 convictions are admissible under Rule 609, the Court considers the admissibility of all convictions. *See* City's Resp. Opp'n Restrict *Nolo* 1, ECF No. 140.

excluded, but district courts must "be diligent in considering the nature of the conviction and its relationship to the issues at trial, and in explaining its reasons for admission under Rule 403." *Id*. As in *Sharif,* Dennis pled *nolo* to crimes of violence—not crimes involving deceit or fraud. Defendants argue Dennis' robbery conviction involved theft and thus implied dishonesty, but the Third Circuit has concluded robbery "does not involve communicative or expressive dishonesty." *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004). Indeed, "[o]ne can obviously commit a theft without employing deceit (i.e. a pickpocket)." *Id*. at 334 n.27. By Defendants' own account, the details of Dennis' 2016 convictions do not contain any communicative or expressive dishonesty. *See, e.g.*, Defs.' Resp. Opp'n Bar Prior Arrests 2-3, ECF No. 136. Defendants' vague assertion that stealing is "universally regarded as conduct which reflects adversely on a man's honesty and integrity" fails to demonstrate how Dennis' 2016 robbery conviction (much less any of his other non-theft-related convictions) would specifically bear on Dennis' propensity willingness to testify truthfully. Detectives' Resp. Opp'n Restrict 4, ECF No. 134.

Second, the time elapsed since Dennis' 2016 convictions does not weigh in favor of either side. Courts have considered eight-year-old convictions to hold diminished probative value. *See, e.g.*, *United States v. Paige*, 464 F. Supp. 99, 100 (E.D. Pa. 1978) (concluding age of eight-year-old conviction diminished its probative value); *see also Sharif*, 704 F.3d at 273 (noting the court in *United States v. Paige* deemed an eight-year-old conviction to have diminished probative value). While "not so far remote in time as to be irrelevant," Dennis' eight-year-old convictions similarly holds diminished probative value. *Sharif*, 704 F.3d at 273.

The final two factors—the importance of the witness' testimony and credibility—overlap and weigh heavily in favor of Defendants. The Third Circuit has previously concluded these factors "weigh heavily in favor of admissibility" when a case comes down to "whether the jury believed

[the plaintiff's] testimony or the testimony of the [defendants]." *Dickens v. Taylor*, 655 F. App'x 941, 945 (3d Cir. 2016). The court in *Dickens* emphasized the plaintiff "was his own primary witness, and thus his credibility was paramount to his case." *Id*. Similarly, the court in *Sharif* found the plaintiff's testimony was "very important as he was his only witness, and for that very reason, his credibility was also crucial to his claim." *Sharif*, 704 F.3d at 273. The same is true here, and Dennis has conceded as much. *See, e.g.*, Pl.'s Mem. Law Bar Prior Arrests 8, ECF No. 107 (explaining Dennis is a "critical" witness and his testimony is "central to his claims"). The final two factors thus weigh heavily in favor of Defendants.

After consideration of the four factors, the Court concludes the probative value of Dennis' 2016 convictions for impeachment purposes is substantially outweighed by their prejudicial effect. The analysis in *Sharif* is especially instructive. There the court explained: "[t]he primary concern regarding prejudice is that the jury may believe that the defendant has a propensity towards acting in conformity with a prior bad act." *Sharif*, 704 F.3d at 273 (citation omitted). The court therefore asked whether admitting the conviction at issue "ha[d] the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." *Id*. at 274 (citation omitted). Because the conviction at issue in *Sharif* stemmed from the same incident as the plaintiff's civil claim, the court concluded such prejudice was "a particular danger." *Id*. Thus, "the balance clearly favor[ed] not admitting the conviction pursuant to Rule 403." *Id*.

The same reasoning applies here. Dennis' 2016 convictions also stem from the same incident at the center of his civil claims against the Defendants. Admission of the 2016 convictions would similarly create "a particular danger" of prejudice. Defendants claim any prejudice "may be mitigated by a carefully crafted limiting instruction." Detectives' Resp. Opp'n Restrict 6 n.1. The Court disagrees. Such compartmentalization "may well be beyond the ability of the common

man, and may be more confusing than helpful to the jury in light of the circumstances. *Sharif*, 704 F.3d at 274. Further, the Court has concluded Dennis' separate 1992 robbery conviction involving Maurice Wilder is available for impeachment purposes. *See* Mem. 4, 04/04/2024, ECF No. 185. In the likely event Defendants raise the Wilder robbery in front of the jury, the probative value of Dennis' 2016 convictions would be further diminished "by virtue of the fact that Dennis' credibility is already tarnished." *Sharif*, 704 F.3d at 274. Dennis' 2016 convictions are therefore excluded under Rule 609 for impeachment purposes.

Defendants also argue Dennis' 2016 convictions must be admissible to "enforce *Heck*." Mem. Supp. Enforce *Heck* 1, ECF No. 116. Because this argument is interwoven with Dennis' request to permitted to assert his innocence at trial, as explained below, the Court considers both issues together. Defendants claim *Heck* (1) requires the jury be informed of Dennis' 2016 convictions, and (2) prohibits Dennis from asserting his innocence. *Id*. Dennis disagrees, arguing his *nolo* plea "does not prevent him from asserting his innocence of the murder," Mem. Law. Restrict *Nolo* 9, ECF No. 105, and citing *Sharif*, in which the Third Circuit explained the meaning of a *nolo* plea as follows:

> Finally, Appellees urge that it would be unfair to exclude Sharif's nolo plea. Appellees' Br. at 20 ("To ignore his nolo contendere plea and attempt to keep from the jury that he, in a previous legal proceeding, and under oath, took a contrary position, would be inconsistent and dishonest on the part of the Plaintiff"). But this argument regarding inconsistency demonstrates how Appellees misconstrue the very meaning of a nolo plea and one of the purposes of excluding such pleas from evidence. A nolo plea reflects a prosecutorial choice to permit a defendant to persist in not admitting the crime for the sake of obtaining the conviction. Thus, there is no inconsistency or "contrary position" at all.

*Sharif*, 704 F.3d at 271.

In the Court's view, this analysis from *Sharif* is directly applicable to Dennis' situation and allows him to assert his innocence. Like the plaintiff in *Sharif*, Dennis entered a *nolo* plea and then

6

brought a civil action in which he took what Defendants characterize as a "contrary position" to the *nolo* plea by denying any wrongdoing in the civil action. But as the court in *Sharif* explained, describing it as a "contrary position" is inaccurate—Dennis' assertion of innocence here is completely consistent with the very definition of his *nolo* plea, which allows him to "persist in not admitting the crime." *Id*. Defendants' arguments against Dennis' assertion of innocence simply fail to reckon with the definition of a *nolo* plea and the *Sharif* analysis above.[4]

Instead, Defendants' arguments focus on the resulting *convictions* stemming from Dennis' *nolo* plea. They contend the jury must be informed of Dennis' convictions resulting from his 2016 *nolo* plea as explained in *Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997). Mem. Supp. Enforce *Heck* 4, ECF No. 116. *Nelson* involved a § 1983 excessive force claim stemming from an incident that resulted in the plaintiff's conviction for resisting arrest. *Nelson*, 109 F.3d. at 144. While the court concluded the plaintiff's excessive force claim would not imply the invalidity of his underlying resisting arrest conviction, it added "an important caveat":

> The proceedings in the district court must go forward on the basis that [the plaintiff's] conviction was valid unless the conviction is impaired in other proceedings such as a reversal on direct appeal, expungement by executive order, a declaration of invalidity in a state proceeding, or the issuance of a writ of habeas corpus . . . . Therefore, in the absence of any such impairment, if this case reaches trial, the trier of fact must be aware that [the defendant] was justified in using "substantial force" in arresting [the plaintiff]. Otherwise there would be a danger that in returning a general verdict against [the defendant] predicated on a finding that he used excessive force, the trier of fact might base its verdict on findings not consistent with the conclusion the jury reached in the criminal case, i.e., that [the defendant] was justified in using "substantial force" to arrest [the plaintiff].

---

[4]     This is why the City's separate argument under Rule 402 fails. The City claims Dennis' 2016 convictions are also admissible under Rule 402 to contradict specific testimony. City's Resp. Opp'n Restrict *Nolo* 6, ECF No. 140. That is, "Dennis's assertion of any facts *inconsistent* with the conviction should be impeachable by a showing of the conviction." *Id*. (emphasis added). But as *Sharif* explains, Dennis asserting his innocence is not inconsistent with his *nolo* plea at all. Dennis thus cannot be impeached in the City's suggested manner under Rule 402.

> *Heck v. Humphrey* precludes the return of a verdict in this civil case on the basis of a finding by the jury [that the defendant] was not entitled to use substantial force to arrest [the plaintiff], as a verdict reached on that basis would be inconsistent with [the plaintiff's] conviction. . . . We reiterate that [the plaintiff's] conviction establishes that [the defendant] was privileged to use substantial force. We leave it to the district court on remand to determine whether it will instruct the jury that [the plaintiff] was convicted of resisting arrest or whether the court merely will tell the jury that [the defendant] was justified in using substantial force to arrest [the plaintiff].

*Id*. at 146 (internal citations omitted).

*Nelson* strongly suggests that the jury in Dennis' civil trial "must be aware" of any facts necessary to ensure it will not base its verdict on findings inconsistent with his underlying 2016 convictions. The Third Circuit explicitly established this requirement to prevent a jury verdict from impermissibly implying the invalidity of a valid underlying conviction, which would be prohibited by *Heck*. Such a danger is particularly potent in Dennis' case, where he has long signaled his intent to assert his innocence. As discussed, he may do so, but this Court must also ensure the resulting jury verdict is not reached on a basis inconsistent with his 2016 convictions. *See id*.[5] The jury in Dennis' trial therefore must be aware of his 2016 convictions.

The Court recognizes neither *Sharif* nor *Nelson*, read alone, comprehensively discusses all the issues raised by the parties' motions *in limine*. But taken together, the cases comport with this Court's conclusions. *Sharif* establishes a *nolo* plea does not prevent a plaintiff from later asserting

---

[5]     Dennis does not discuss *Nelson* in depth, and summarily argues it is "irrelevant" because it involved different claims and a plaintiff whose "underlying conviction was never vacated." Pl.'s Reply Restrict *Nolo* 3, ECF No. 147; Pl.'s Mem. Opp'n Enforce *Heck* 2 n.2, ECF No. 127. But the relevant analysis in *Nelson* would be the same regardless of the claims involved—the Third Circuit was clearly concerned with *any* verdict inconsistent with *any* underlying valid conviction, as an inconsistent verdict would violate *Heck v. Humphrey*. *See Nelson*, 109 F.3d. at 146. Further, it is irrelevant that the plaintiff's underlying conviction was never vacated. The core consideration in both *Nelson* and this case is whether an underlying *valid* conviction exists. Although Dennis' original 1992 convictions for first-degree murder and other offenses were vacated, he still has valid 2016 convictions which cannot be invalidated by an inconsistent jury verdict.

innocence in a civil case. At the same time, *Nelson* requires sufficient jury instructions to maintain the integrity of any underlying conviction. While *Sharif* does not discuss such a requirement, *Sharif* does cite *Nelson* approvingly in its discussion of *Heck. See Sharif*, 704 F.3d at 270-71. Without more guidance, the Court is persuaded that its conclusions are in accord with the Third Circuit's guidance in *Sharif* and *Nelson*.

In *Nelson*, the Third Circuit let the district court determine whether it would instruct the jury on the plaintiff's conviction, or simply on the facts necessary to protect the integrity of the conviction. *Nelson*, 109 F.3d. at 146 (allowing the district court to choose between jury instructions explaining the plaintiff "was convicted of resisting arrest" versus the officer "was justified in using substantial force" during the arrest). Accordingly, the Court will instruct the jury that Dennis was convicted of third-degree murder, robbery, carrying a firearm without a license, possession of an instrument of crime, and conspiracy to commit robbery.

An appropriate Order follows.


BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.