IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 8th day of April, 2024, upon consideration of Defendants' Joint Motion to Preclude the Testimony and Report of Plaintiff's Expert Marc Bookman (ECF No. 82), Plaintiff James Dennis' opposition thereto, the parties' supplemental briefing, and the parties' oral arguments, it is ORDERED the Motion is DENIED.[1]

---

[1] Defendants move to preclude the testimony of Marc Bookman, Plaintiff James Dennis' expert on capital representation and sentencing. Defs.' Mem. Law Preclude Bookman 1, ECF No. 82-2. They also seek to preclude consideration of Bookman's expert report. In his report, Bookman offers opinions on three issues: (1) the psychological impact of a death row sentence; (2) the likely sentence Dennis would have received had he pled *nolo contendere* to third degree murder and possession of an instrument of a crime in 1992 or 1993; and (3) the amount of time Dennis would likely have served on such a sentence before being granted parole. Ex. B ("Bookman Report") at 4-10, ECF No. 82-3. Dennis has since clarified Bookman "will offer no opinions" on any psychological impact. Pl.'s Sur Reply 1, ECF No. 171. Defendants argue Bookman's opinions on the remaining two subjects are inadmissible under Federal Rule of Evidence 702 because they fail to meet the Rule's requirements of qualification and reliability. Defs.' Mem. Law Preclude Bookman 5.

Rule 702 governs the admissibility of expert testimony and provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Trial courts serve a "gatekeeping role" to ensure expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*,

509 U.S. 579, 597 (1993). In short, "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 80 (3d Cir. 2017) (citation omitted). Defendants only contest the "qualifications" and "reliability" requirements. Defs.' Mem. Law Preclude Bookman 5.

To satisfy the "qualifications" requirement, the witness must "possess specialized expertise." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008) (citation omitted). This requirement is interpreted "liberally"—a "broad range of knowledge, skills, and training qualify an expert." *Id*. (citations omitted). Thus, specialized expertise "can be practical experience as well as academic training and credentials." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) (citation omitted).

Many of Defendants' arguments that Bookman is not qualified are more accurately described as "reliability" arguments, as discussed below. In attacking Bookman's qualifications, Defendants note he "has never served as a sentencing court or a parole board member, and thus can only speculate" as to the sentence Dennis would likely have received or when he would have been paroled. Defs.' Mem. Law Preclude Bookman 7. But this argument ignores that Bookman need not "be the best qualified" or "have the specialization that the court considers most appropriate." *Pineda*, 520 F.3d at 244 (citation omitted). Bookman has been a licensed attorney in Pennsylvania for over forty years. Bookman Report 1. Relevant here, he spent 17 of those years representing defendants in homicide cases. *Id*. at 1-2. Beyond his practical experience, Bookman has taught homicide defense teams, presented on topics related to homicide cases, and held various other faculty and advisor roles related to capital case representation. *Id*. at 2-4. Bookman's "broad range of knowledge, skills, and training" surely qualifies him as an expert on capital representation and sentencing. *See Pineda*, 520 F.3d at 244 (citation omitted).

Expert testimony satisfies the "reliability" requirement if it is supported by "good grounds." *Karlo*, 849 F.3d at 81 (citation omitted). The reliability standard "is not that high" and "lower than the merits standard of correctness." *Id.* (citations omitted). In some circumstances, an expert's "training and experience will provide an adequate foundation to admit an opinion and furnish the necessary reliability to allow a jury to consider it." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 158 (3d Cir. 2000). Indeed, "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999). When an expert's testimony is experience-based, rather than scientific, the "relevant reliability concerns may focus upon personal knowledge or experience." *Id*. at 150. And while the Court must determine whether expert testimony is sufficiently reliable to be admissible, "[d]eterminations regarding the weight to be accorded, and the sufficiency of, the evidence relied upon by the proffered expert, are within the sole province of the jury." *Walker v. Gordon*, 46 F. App'x 691, 695 (3d Cir. 2002).

Bookman is sufficiently reliable as an experience-based expert. Bookman explains his opinions are based on his "training, experience, writing, and familiarity with extensive research" in the area of capital representation and sentencing. Bookman Report 4. Specifically, his sentencing opinion is based on: (1) the charges of third degree murder and possession of an instrument of crime; (2) Dennis' prior record score; (3) application of the appropriate Pennsylvania Sentencing Guidelines for the two charges, after incorporating Dennis' prior record score; and (4) his observations of the disposition of Philadelphia homicide cases in the 1990s based on his experience representing homicide clients. *Id*. at 8-9. Meanwhile, his parole opinion is based on: (1) his sentencing opinion; (2) his personal knowledge and experience of "the time served in prison

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

to parole by [his] clients"; (3) his observations of clients represented by other attorneys; and (4) his consultation with others familiar with relevant Philadelphia parole practices. *Id*. at 9-10. Both opinions are clearly based on Bookman's personal knowledge and experience—not mere speculation or conjecture.

Defendants' arguments, while well taken, more appropriately go to the weight and sufficiency of Bookman's testimony, rather than its admissibility. *See Karlo*, 849 F.3d at 83 ("The question of whether a study's results were properly calculated or interpreted ordinarily goes to the weight of the evidence, not to its admissibility." (citation omitted)). The Court reiterates the standard for reliability "is not that high." *Id*. at 81 (citation omitted). If Bookman did not consider all of the relevant charges or only considered observations from a defense attorney's perspective, Defendants can address such concerns on cross examination. *See, e.g.*, *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, Civ. No. 16-5073, 2020 WL 6887885, at *17 (E.D. Pa. Nov. 24, 2020) ("[W]hile a survey that excludes the *entire* relevant population may be so unreliable as to be inadmissible . . . a survey that is simply underinclusive or has other flaws in sampling remains admissible but subject to challenge." (citations omitted)). Defendants' motion to preclude the testimony and report of Marc Bookman is therefore denied.