IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 9th day of April, 2024, upon consideration of Defendant City of Philadelphia's Motion in Limine to Preclude Cumulative Damages Witnesses (ECF No. 120), Plaintiff James Dennis' opposition thereto, and the supplemental briefing on the Motions, it is ORDERED the Motion is DENIED without prejudice.[1]

---

[1] Defendant City of Philadelphia moves to preclude the damages testimony of nine witnesses under Federal Rules of Evidence 401, 402, and 403, claiming their testimony would be irrelevant, cumulative, prejudicial, and waste time. City Mem. Supp. Preclude Witnesses 1, ECF No. 120. The City argues Plaintiff James Dennis "and, at most, his two experts and treating mental health professional, are entirely capable of discussing" any relevant damages. *Id*. at 3. Because Dennis does not discuss one of the witnesses the City moves to preclude (Hope Dennis), the Court assumes she will not testify. Dennis otherwise opposes the motion and outlines the expected testimony of the remaining eight contested witnesses. Pl.'s Mem. Opp'n Preclude Witnesses 2-3, ECF No. 130. He argues each will "address distinct aspects of the damages issues before the court," though he acknowledges "in several instances, the testimony will, in part, overlap." *Id*.

Rule 403 permits a court to exclude relevant evidence where "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Based on Dennis' outline of expected testimony, at least three of the eight witnesses will not be irrelevant, cumulative, or waste time. Dennis explains that Corby Johnson, Greg Dennis, and Fatima Everette will testify to distinct aspects of the alleged harms: the long-term perspective of how Dennis changed from before 1991 to present, the murder investigation, and how Dennis' changed within his family, respectively. *See id*. 2-3. These topics are clearly relevant to damages, distinct, not cumulative, and will thus not waste time. Dennis' acknowledgement that the testimony will partially overlap is simple recognition of the reality of trial testimony, and the City cites no support for its claim that testimony cannot overlap.

The City also argues unfair prejudice would result because these three witnesses do not "have any unique knowledge relevant to damages that cannot be presented by Dennis or his professional damages witnesses." City Mem. Supp. Preclude Witnesses 3. The Court disagrees. Dennis' outline clearly shows these three witnesses are testifying to distinct and relevant matters. Arguing such testimony is prejudicial "ignores that relevant evidence is excludable under Rule

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

403 if its probative value is substantially outweighed by the danger of *unfair* prejudice, not just prejudice." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) (citation omitted). The City's motion is thus denied as to Johnson, Dennis, and Everette.

      As to Marc Allen, Gwen Jackson, and Dennis McFadden, Dennis explains all three plan to testify about Dennis' musical career. Pl.'s Mem. Opp'n Preclude Witnesses 2-3. Indeed, Allen and McFadden will specifically testify about Dennis' music group Sensations. *Id*. Based on Dennis' own description, the Court concludes this testimony would indeed be cumulative if all three testify, as they all plan to discuss the same subject matter. The Court will reserve its decision on these witnesses until more information is provided on their proposed testimony. Accordingly, the City's motion is denied without prejudice to reassertion as to Allen, Jackson, and McFadden.

      Finally, Tony Dennis (who is referred to as Troy Dennis in Dennis' opposition) and Frank Jones are only proposed as damages witnesses "depending on the [trial] availability" of the other witnesses. Pl.'s Mem. Opp'n Preclude Witnesses 3. In the event these witnesses are offered at trial, the City may object at that time. The City's motion is therefore also denied without prejudice to reassertion as to Dennis and Jones.