IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DENNIS | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2689 |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 9th day of April, 2024, upon consideration of Plaintiff James Dennis' Motion in Limine to Admit Damages Evidence (ECF No. 103), Defendants' opposition thereto, and the supplemental briefing on the Motions, it is ORDERED the Motion is GRANTED in part and DENIED in part as follows:

The Motion is GRANTED insofar as, if Dennis prevails at trial on liability, he may seek damages for (1) the harms caused by standing trial in a death penalty case; (2) the impact of serving a sentence on death row (rather than in the general population); and (4) the psychological consequences he suffered from the years on death row and the threat of two death warrants issued during his incarceration. Dennis may also seek (6) punitive damages as to the individual Defendants.

The Motion is DENIED insofar as Dennis may not seek damages for (3) the difference between the amount of time Dennis served and the amount of time he would have served if he had accepted a *nolo* plea for reduced charges in 1992; and (5) the reputational harm and loss of career opportunities and earnings caused by his prolonged incarceration.[1]

---

[1] Plaintiff James Dennis moves for an order permitting him to present evidence of six discrete categories of damages in the event he prevails at trial on liability. Specifically, Dennis seeks to admit evidence of: (1) the harms caused by standing trial in a death penalty case; (2) the impact of serving a sentence on death row (rather than in the general population); (3) the difference between the amount of time Dennis served and the amount of time he would have served if he had accepted a *nolo* plea for reduced charges in 1992; (4) the psychological consequences Dennis

suffered from the years on death row and the threat of two death warrants issued during his incarceration; (5) the reputational harm and loss of career opportunities and earnings caused by his prolonged incarceration; and (6) punitive damages against the individual defendants only. Pl.'s Mem. Law. Damages 4-5, ECF No. 103. All Defendants oppose the motion.

Defendants Frank Jastrzembski and Manuel Santiago first argue Dennis cannot recover damages for three of these categories—the emotional harm resulting from (1) standing trial in a death penalty case, (2) serving a sentence on death row, and (4) being under the threat of two death warrants—because he cannot show they were the cause of these injuries. Detectives' Resp. Opp'n 3-5, ECF No. 133. Specifically, Defendants argue any harm resulting from the decision to charge Dennis with first-degree rather than third-degree murder was caused solely by the prosecutor, the state actor vested with responsibility for deciding what charges to bring. Defendants maintain their conduct "could not have been a 'substantial factor'" in bringing about these damages because they "lacked input, discretion, and authority" in determining Dennis' charges. *Id.* at 4-5.

To establish causation in a § 1983 action, a plaintiff must show the "defendants' actions were the proximate cause of the harm he suffered"—i.e., that they were "a substantial factor in bringing about [the] harm." *Egevary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004). Proximate cause "is normally a question of fact for the jury." *Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004). In some circumstances, an intervening act by a third party may sever the chain of causation between a defendant's actions and the plaintiff's injuries, but "the decision of an independent intermediary 'will only constitute an intervening cause if the decision is genuinely free from deception or coercion.'" *Egevary*, 366 F.3d at 246-47 (quoting *Hector v. Watt*, 235 F.3d 154, 164 (3d Cir. 2001)). Put differently, "a prosecutor's decision to charge, a grand jury's decision to indict, a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision." *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988). Here, Jastrzembski and Santiago are alleged to have engaged in deliberate deception and fabrication of evidence that made the Commonwealth's case against Dennis appear far stronger than it actually was. Under state law, the ultimate decision of whether to charge Dennis and what charges to bring rested with the prosecutor. *See Commonwealth v. Clancy*, 192 A.3d 44, 53 (Pa. 2018). But insofar as these decisions were informed by Defendants' misconduct, Defendants "cannot hide behind the officials whom they have defrauded." *Jones*, 856 F.2d at 994. And while Defendants argue the false and misleading information and omissions attributed to them do not "make[] out the subtle difference in *mens rea*" between first- and third-degree murder, Dennis ultimately pled *nolo contendere* to third-degree murder after their misconduct was exposed. Detectives' Sur-Reply 3, ECF No. 164.

Because this is not a case in which the plaintiff's theory of causation is "so remote that, as a matter of law, [defendants] cannot be held liable for the harm which subsequently occurred," *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 851 (3d Cir. 1995), the Court declines to hold Dennis cannot show causation as a matter of law. He will therefore be permitted to present evidence of damage categories (1), (2), and (4).

Jastrzembski and Santiago next claim *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny prohibit Dennis from recovering damages for (3) the difference between the amount of time he served and the amount of time he would have served if he had accepted a *nolo* plea for reduced charges in 1992, and (5) the reputational harm and loss of career opportunities and earnings caused by his prolonged incarceration. Detectives' Resp. Opp'n 6-7. The parties agree Dennis cannot receive damages for any portion of his imprisonment "attributable to [his] lawful

BY THE COURT:


/s/ Juan R. Sánchez

---

conviction" pursuant to his *nolo* plea. Pl.'s Mem. Law. Damages 10 (citing *Poventud v. City of New York*, 750 F.3d 121, 135 (2d Cir. 2014)); Detectives' Resp. Opp'n 6. This is in accord with *Heck* and its progeny. *See, e.g.*, *Poventud*, 750 F.3d at 136 (concluding plaintiff "cannot seek to collect damages for the time that he served pursuant to his plea agreement.").

*Olsen v. Correiro*, 189 F.3d 52 (1st Cir. 1999), is especially instructive. Like Dennis, the plaintiff in *Olsen* had his first-degree murder conviction overturned, pled *nolo* to a lesser charge of manslaughter, was sentenced to time served pursuant to that *nolo* plea, and then sued the city and two police officers under § 1983. *Olsen*, 189 F.3d at 55. The First Circuit upheld the district court's decision to bar incarceration-based damages in his civil trial, concluding awarding such damages would have implied the invalidity of his conviction and sentence pursuant to the *nolo* plea. *Id*. at 69-70. Because the plaintiff in *Olsen* served the exact same amount of time for his vacated first-degree murder conviction as for his subsequent, valid manslaughter conviction (for which he was sentenced to time served), the court concluded awarding any damages for his imprisonment on the murder conviction would inappropriately be awarding him damages for his valid conviction and sentence for manslaughter. *Id*. Similarly, Dennis cannot seek damages for any difference in amount of time imprisoned (or harm and loss due to that difference in time) because there is no difference. His sentence of time served resulting from his *nolo* plea was the same amount of imprisonment time as his vacated conviction, meaning his entire imprisonment time is attributable to his lawful 2016 convictions.

Dennis notes the plaintiff in *Olsen* "served no more time in prison than he would have if he had initially pled *nolo contendere* to manslaughter." Pl.'s Mem. Law. Damages 9 n.7. But his reliance on *Limone v. United States*, 497 F. Supp. 2d 143 (D. Mass. 2007), is misplaced. The *Limone* quote he focuses on mainly relates to the difference between death row and general population, not the *amount* of time served. *See id*. at 8-9. More critically, Dennis ignores that *Limone* itself notes it is significantly different from *Olsen*. *Limone*, 497 F. Supp 2d at 245 ("[T]here are significant differences between the instant case and Olsen."). Relevant here, the time the plaintiff in *Olsen* (and Dennis) wrongly served on their vacated convictions "was specifically attributed" to their subsequent valid convictions. *Id*. That was not the case in *Limone*. While the plaintiffs in *Limone* would have still been imprisoned if not for their overturned conviction, they would have still been imprisoned for "unrelated convictions, not [convictions] inextricably intertwined with the wrongful one." *Id*. *Limone* is thus inapposite. Dennis thus cannot seek damages for (3) the difference between the amount of time he served and the amount of time he would have served if he had accepted a *nolo* plea for reduced charges in 1992, and (5) the reputational harm and loss of career opportunities and earnings caused by his prolonged incarceration. Dennis' motion is denied as to those two categories.

Finally, Defendants do not respond to Dennis' argument that he should be permitted to seek punitive damages against Jastrzembski and Santiago. Dennis' motion will therefore be granted as uncontested as to this issue.

Juan R. Sánchez, J.