UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES DENNIS,** | : CIVIL ACTION NO.: 18-cv-2689 |
| *Plaintiff*, | : |
| v. | : |
| **CITY OF PHILADELPHIA,** *et al.*, | : |
| *Defendants.* | : |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION (ECF NO. 220)

Defendants, the City of Philadelphia (the "City"), Frank Jastrzembski, and Manuel Santiago (collectively, "Defendants"), through undersigned counsel, hereby file objections to Plaintiff's Supplemental Proposed Jury Instruction (ECF No. 220). Plaintiff's proposed charge, which addresses causation, is cumulative/duplicative of other instructions, is an inaccurate statement of the relevant standards, and is irrelevant to the claims in this matter.

As a primary matter, the issue of causation is already addressed within the Court's jury instructions. (*See* Court's Final Instructions (Apr. 19, 2024) at 59-60.) Crucially—and seemingly overlooked by Plaintiff—the elements of the deliberate deception claim expressly account for the fact that the information must be provided to the prosecutor and the elements of fabrication expressly account for a knowing misrepresentation, among the context of the other elements for each of those claims. (*See id*. at 35, 38-39). Thus, any additional instruction is unwarranted.

However, beyond the general superfluousness of the suggestion, Plaintiff's proposal is neither an accurate statement of the cited case law nor of the theory of liability he has advanced over the course of this litigation. The language of the instruction seemingly imposes liability

where, simply, *any* evidence was withheld from the prosecutors ("the chain of causation is only broken where all the facts are presented to the prosecutor"), without more.  It also suggests liability where officers failed to "consider" exculpatory information, or the information available did not "warrant a belief that Dennis had committed first-degree murder."  This language goes well beyond the cited case—which, as discussed below, is inapposite—and Restatement section.  It is also neither correct nor the applicable standard to the claims he asserts in this matter.  Through this charge, Plaintiff seemingly appears to backdoor a different theory of liability that he did not plead in the Complaint or litigate for the last six years.  This he may not do.

       Finally, the cases cited by Plaintiff are inapplicable.  Defendants have not invoked a theory of superseding causation, *i.e.* that a judicial officer failed to properly apply the governing law and procedures.  *Compare Egervary v. Young*, 366 F.3d 238, 250 (3d Cir. 2004).  Instead, the Defendant Detectives submit they were not the cause of any constitutional violation *vel non*—an assertion already covered by the Court's preexisting causation charge.  Moreover, Defendants are not claiming qualified immunity in the context of a warrant application approved by a magistrate.  *Compare Myers v. Morris*, 810 F.2d 1437, 1457 (8th Cir. 1987) and *Hector v. Watt*, 235 F.3d 154, 164 (3d Cir. 2000) (Nygaard, J., concurring).  Nor are Defendants asserting that they are insulated from liability for malicious prosecution, a claim not asserted here, because the prosecutor advanced the prosecution.  *Compare White v. Frank*, 855 F.2d 956, 961 (2d Cir. 1988), *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988), and *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988).  These references are thus irrelevant and, again, not an accurate reflection of the applicable standard to the claims he asserts in this matter.

       For all the foregoing reasons, the Court should decline to provide Plaintiff's proposed charge as suggested at ECF No. 220.

Date:  April 23, 2024                                               Respectfully submitted,

| | |
|---|---|
| **MARSHALL DENNEHEY, P.C.,** | **CITY OF PHILADELPHIA LAW DEPARTMENT** |
| BY: *[signature]* <br> JOSEPH J. SANTARONE, JR. <br> JOSHUA W. BROWNLIE <br> PA Attorney ID Nos.: 45723, 330511 <br> 2000 Market Street, Suite 2300 <br> Philadelphia, PA  19103 <br> (215) 575-2626 <br><br> *Attorneys for Defendants,* <br> *Manuel Santiago and Frank Jastrzembski* | BY:  */s/ Bailey E. Axe* <br> ANDREW F. POMAGER <br> Div. Deputy City Solicitor <br> BAILEY E. AXE <br> Deputy City Solicitor <br> PA Attorney ID Nos. 324618, 309686 <br> 1515 Arch Street, 14th Floor <br> Philadelphia, PA 19102 <br> (215) 683-5443 <br><br> *Attorneys for Defendant the City of Philadelphia* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES DENNIS** | : |
| Plaintiff, | : **CIVIL ACTION** |
| | : No. 18-2689 |
| v. | : |
| **THE CITY OF PHILADELPHIA, et al.** | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendants' Objections To Plaintiff's Supplemental Proposed Jury Instruction (ECF No. 220) was filed via the Court's electronic filing system and is available for downloading.

Date: April 23, 2024                 Respectfully submitted,

**CITY OF PHILADELPHIA LAW DEPARTMENT**

BY: _/s/ Bailey E. Axe_
ANDREW F. POMAGER
Div. Deputy City Solicitor
BAILEY E. AXE
Deputy City Solicitor
PA Attorney ID Nos. 324618, 309686
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5443

*Attorneys for Defendant the City of Philadelphia*