IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMES DENNIS,
      Plaintiff

v.                                               NO. 18-cv-2690

DETECTIVE FRANK JASTRZEMBSKI and
DETECTIVE MANUEL SANTIAGO,
                      Defendants

### DECLARATION OF MARC J. SONNENFELD

**I. Introduction**

1. The law firm of Kairys, Rudovsky, Messing, Feinberg & Lin LLP (KRMFL) has retained me on behalf of Plaintiff James Dennis as an expert witness in the above-captioned matter as to the reasonableness of Plaintiff's request to award attorneys' fees under 42 U.S.C. § 1988 with respect to three KRMFL attorneys: David Rudovsky, Paul Messing and Jonathan H. Feinberg.

**II. Experience and Qualifications**

2. Until my September 30, 2021 retirement at the age of 75, I was a partner in the Philadelphia office of the law firm of Morgan, Lewis & Bockius LLP, where I worked as a commercial litigator since 1974 and was a partner since 1978, heading the firm's securities litigation practice in Philadelphia. I have been a member of the Pennsylvania bar since November 17, 1971, and am also admitted to practice in Massachusetts, Florida, the District of Columbia, the Supreme Court of the United States and various federal district courts and courts of appeals, including but not limited to the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

3. I received a Bachelor of Arts degree with Honors in Economics from Swarthmore College in 1968 and a Juris Doctor degree from Harvard Law School in 1971. I served as Law Clerk to the Honorable Joseph S. Lord, III, then Chief Judge of the United States District Court for the Eastern District of Pennsylvania, from 1972 to 1973. I am a Fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers. I am a member of and participate in the activities of various legal organizations including the University of Pennsylvania American Inn of Court. For eight years, I served on the national board of trustees of the American Inns of Court. In 2010, I was recognized by the Philadelphia Bar Association with its Wells Fargo Fidelity Award for my "leadership, teamwork and commitment to the legal profession by helping to develop and maintain the Commerce Case Program of the Philadelphia Court of Common Pleas." In 1987, I served as Chair of the Board of Governors of the Philadelphia Bar Association, and in 1984, I served as chair of its Professional Responsibility Committee. I also served as a member and ultimately chair of a hearing committee of the Disciplinary Board of the Supreme Court of Pennsylvania. I also have served as a judge pro tem in the Court of Common Pleas of Philadelphia. In 2017, I was recognized by The Legal Intelligencer with its Lifetime Achievement Award.

4. I served as lead counsel in numerous trials in my 50-year career and had an active trial and appellate practice. For the last 25 years, my practice focused on defending shareholder and bondholder class actions under the federal securities laws and shareholder derivative actions under state corporate law. I have extensive experience as a litigator in this Court and in other federal and state courts throughout the United States, including the defense of more than 50 putative federal securities class actions since 2000. Insurance company AIG included me on its panel counsel for defending its director and officer insureds in securities litigation. I also have

been rated favorably in various peer-reviewed publications such as Chambers, Best Lawyers, and Super Lawyers.  The latter featured me in a cover story and referred to me as "Securities King of Pennsylvania."  Corporate clients I represented included Hewlett Packard, Merck, Walmart, Urban Outfitters, Independence Blue Cross, Anthem, JP Morgan Chase, BNY Mellon, Citigroup, Lazard, Endo, Teva, Penn Mutual, JLL, Energy Transfer and Zimmer.

    5.  My appellate experience includes appearing as amicus curiae in several significant cases in federal and state courts, representing the positions of organizations such as the Philadelphia Bar Association, the Chamber of Commerce of the United States, the Pennsylvania Chamber of Business & Industry, the Greater Philadelphia Chamber of Commerce, the League of Women Voters and the American Beverage Association.  My pro bono work includes having been court-appointed counsel in criminal cases.  In its opinion in *Boyer v. Patton*, 579 F.2d 284 (3d Cir. 1978), the Third Circuit said, referring to me while I was still a young associate, "The pervasive professional listlessness in this case has been alleviated only by the imaginative and vigorous representation of the appellant by his present court-appointed counsel."  579 F.2d at 289.

    6.  As a corporate litigator with five decades of experience in the local federal and state courts, I am familiar with the market rates for complex litigation services in Philadelphia.  Moreover, as lead counsel on numerous matters for Morgan Lewis, I was responsible for reviewing and sending bills to clients and their insurers for work performed by our firm's attorneys.  Additionally, as counsel for corporate clients, I regularly reviewed bills from other law firms representing underwriters, directors and officers to whom these corporate clients had indemnification obligations for attorneys' fees and expenses.

7. In March 2022, I was found qualified to testify as an expert by the Honorable Kenneth Powell in the Philadelphia Court of Common Pleas in the case of *Thomas Marrone v. Danita Mieloch,* April Term 2018 No. 01031.  Moreover, on July 28, 2010, I submitted a declaration in the United States District Court for the Eastern District of Pennsylvania at the request of William M. McSwain, Esquire, then a partner at the Drinker Biddle law firm, in support of an application by Cradle of Liberty, Inc., Boy Scouts of America, for an award of attorney's fees under 28 U.S.C. § 1988.  In an order entered March 20, 2012, Judge Buckwalter of this Court expressly relied upon my declaration in upholding the reasonableness of Mr. McSwain's hourly rate and those of others in his law firm as to whom recovery of fees was sought. *Cradle of Liberty Council, Inc., Boy Scouts of America v. City of Philadelphia*, No. 08-cv-2429-RB, ECF 160.  In 1998, I testified as an expert before the American Arbitration Association supporting the plaintiff's application for an award of attorney's fees for the work of the late Honorable Gene Pratter, then a partner at the Duane Morris law firm. *Graham v. National Union*.  In August, 2022, I submitted a declaration in the Philadelphia Court of Common Pleas in support of the reasonableness of the plaintiff's request to award attorney's fees and expenses under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). *Laura Lucas v. Lowe's Companies, Inc*., No. 190100018.  On January 17, 2024, I testified as an expert in the Philadelphia Court of Common Pleas as to the reasonableness of plaintiff's request to award attorney's fees and expenses under the UTPCPL. *Elvira A. DeFrank v. Ben A. Kais and Forever Marble, Inc.*, January Term 2023 No. 02798.

### III.  Scope of Work

8. The facts, information and data that form the bases for my findings, conclusions and opinions include, among other things, analyses of the pleadings, court filings and exhibits

thereto, and other documents provided to me by KRMFL. Of particular interest to me in forming my opinions were the declarations and time records of Messrs. Rudovsky, Messing and Feinberg. The opinions expressed herein are based upon the facts, information and data made available to me by KRMFL and/or documents, information, and data I gathered through independent research. Further, I relied upon my education, training, and more than 50 years of professional experience as a litigator in Pennsylvania, including 43 years of partnership at Morgan, Lewis & Bockius LLP, to reach my opinions and conclusions.

9.  I am receiving compensation for my time at my standard hourly rate of $1,185 per hour, and I have extended a courtesy discount of 30%. We have further agreed that without prior approval, my fees for preparation of my report shall not exceed $25,000, and my fees for testifying shall not exceed $5,000. My compensation is not contingent in any way on the substance of my opinions or the outcome of this litigation. Should my opinions materially change as a result of my review and analysis of new or additional facts, information and data received, I reserve the right to supplement or otherwise revise this Declaration at a later time.

**IV.  Summary of Opinions**

10.  It is my opinion to a reasonable degree of professional certainty (a) that Mr. Rudovsky's billing rate of $1,150, Mr. Messing's billing rate of $1,000 and Mr. Feinberg's billing rate of $725 all are reasonable; (b) that Mr. Rudovsky having worked 91.4 billed hours, Mr. Messing having worked 1,652.2 billed hours and Mr. Feinberg having worked 122.3 billed hours all are reasonable; and (c) that Mr. Rudovsky's requested lodestar of $105,110.00, Mr. Messing's requested lodestar of $1,652,200.00, Mr. Feinberg's requested lodestar of $88,667.50, and the requested total lodestar of $1,845,977.50 all are reasonable.

**V. The Billing Rates for Messrs. Rudovsky, Messing and Feinberg are Reasonable.**

11. It is axiomatic that the appropriate amount of fees to award is determined by the "lodestar" method, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). It is well-established that in enacting the fee shifting provisions in 42 U.S.C. § 1988, Congress intended that civil rights lawyers should be compensated at the same market rate as lawyers handling other types of "complex Federal litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 430 n. 4 (1983); *see also City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986) (stating that fee rates should be "governed by the same standards which prevail in other types of complex Federal litigation, such as antitrust cases."). The general rule is that a reasonable hourly rate is calculated according to the prevailing market rates in the community." *Washington v. Phila. Cty. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

12. The prevailing rates for lawyers handling other types of complex litigation in this community is reflected in a declaration filed January 10, 2024 by a current partner in the Philadelphia office of my former law firm, Morgan, Lewis & Bockius LLP, in the United States Bankruptcy Court for the District of Delaware, a copy of which is attached hereto. *In re FTX Trading Ltd.*, No. 22-11068. That declaration reflects an hourly rate range for partners of $1,075 - $1,950, for of counsel of $1,050 - $1,195, and for associates of $665 - $1,015. These rates are subject to annual adjustment. My hourly rate at the time of my September 30, 2021 retirement as a partner in the Philadelphia office of the law firm of Morgan, Lewis & Bockius LLP was $1,185 per hour.

13. KRMFL has a well-deserved reputation locally and nationally for successful litigation of Section 1983 criminal justice related cases arising out of police misconduct. For the

6

past 20 years, the firm has focused on seeking compensation for persons wrongfully convicted due to law enforcement misconduct. The firm has been responsible for nearly every significant Third Circuit decision addressing the legal claims most frequently asserted in wrongful conviction cases.

14. Mr. Rudovsky is the "dean" of the Philadelphia civil rights bar. I have been familiar with his groundbreaking practice and stellar reputation throughout my career, and in recent years have become acquainted with him personally through our participation in the University of Pennsylvania American Inn of Court. His professional background is more fully set forth in his declaration. In short, he is a 1967 graduate of New York University Law School and has practiced in the fields of civil rights and criminal defense for 57 years. He has received many well-deserved accolades for his significant professional accomplishments. Since 1987, he has been a Senior Fellow at the University of Pennsylvania Carey School of Law, teaching constitutional criminal procedure, criminal law and evidence. In 1988, he received a MacArthur Foundation Award, known as the "genius award," for his accomplishments in criminal justice. It is my opinion to a reasonable degree of professional certainty that Mr. Rudovsky's requested rate of $1,150 is entirely consistent with the prevailing market rates in this community for complex Federal litigation. Indeed, the requested rate is below my own rate at the time of my retirement three years ago and at the lower end of the current range for partner rates at my former firm.

15. Mr. Messing's professional background is more fully set forth in his declaration. He is a 1973 graduate of Temple University Beasley School of Law and has been a leading trial lawyer in the Philadelphia civil rights and criminal defense bars for 51 years. Mr. Messing was a public defender at the Defender Association of Philadelphia for nearly 20 years and then joined KRMFL in 1993, practicing in the civil rights field. He has been an adjunct professor at Temple

University Beasley School of Law for more than 35 years.  It is my opinion to a reasonable degree of professional certainty that Mr. Messing's requested rate of $1,000 per hour is entirely consistent with the prevailing market rates in this community for complex civil litigation.  Indeed, his requested rate is below the current range of partner rates at my former law firm.

16.  Mr. Feinberg's professional background is more fully set forth in his declaration.  In short, he is a 2001 *summa cum laude* graduate of the University of Pennsylvania Carey School of Law.  Following a judicial clerkship with the Honorable Jan E. DuBois of the United States District Court for the Eastern District of Pennsylvania, he joined KRMFL, where he has focused his practice on civil rights litigation and criminal defense.  He has served as an adjunct faculty member at the University of Pennsylvania Carey School of Law.  It is my opinion to a reasonable degree of professional certainty that Mr. Feinberg's requested rate of $725 per hour is entirely consistent with the prevailing market rates in this community for complex civil litigation.  Indeed, his requested rate not only is well below the range of partner and of counsel rates at my former firm but also is at the lower end of the range of associate rates.

17.  In addition to their outstanding backgrounds and substantial experience, in concluding that their hourly rates are reasonable, I also rely upon the high quality of their work, including their excellent written submissions which I have reviewed and the extraordinary result they achieved on behalf of Mr. Dennis.

**VI. The Hours for which Recovery is Sought are Reasonable.**

18.  Plaintiff seeks recovery for 1,652.2 hours of work by Mr. Messing over a period of nearly six years, as set forth in his time records attached to his declaration, which I have carefully reviewed and upon which I rely in reaching my conclusion.   I have also considered the

excellent result obtained and the complexity of the legal and factual issues in this case. Mr. Messing was the lead counsel, his time is more than 90% of the total time for which recovery is sought. I am also impressed with the efficiency by which this case was handled by KRMFL, with a team including only two other lawyers whose total time for which recovery is sought was quite modest. It is clear from my review of the time records that there was no overstaffing or unnecessary duplication of efforts. I am also impressed that recovery is not sought for administrative or clerical tasks, nor for time spent by paralegals, much less by associates.

19. As more fully explained in his declaration, at least two threshold legal issues were unsettled at the outset of this case. Moreover, as can be expected, Mr. Messing and KRMFL faced an aggressive defense. Here, defendants moved to dismiss and then for summary judgment on multiple grounds. Plaintiff survived both motions as well as an interlocutory appeal to the Third Circuit which ruled in plaintiff's favor on an issue of first impression. Thereafter, Mr. Messing prepared and litigated numerous pretrial motions involving complex and at times novel issues of law, and had to respond to 10 motions *in limine*. Mr. Messing also prepared for and participated in discovery, including taking the depositions of at least six defense witnesses. Mr. Messing was the principal attorney handling each of these litigation stages and at the nine-day trial was the sole attorney responsible for presenting plaintiff's case. The uniquely large $16 million verdict provides further support for the reasonableness of the time expended by Mr. Messing. Also, it is my understanding that recovery is not sought for time expended on the claim against the City of Philadelphia that was dismissed in response to an uncontested Rule 50 motion.

20. It is my opinion to a reasonable degree of professional certainty that the 1,652.2 hours worked by Mr. Messing for which recovery is sought were reasonable and should be compensated in full.

21. Plaintiff also seeks recovery for 91.4 hours worked by Mr. Rudovsky. As reflected in his declaration and attached time records, which I have carefully reviewed and upon which I rely, these hours include consulting with Mr. Messing as to strategy, responding to defendants' summary judgment motion and evidentiary issues, as well as working on the brief and presenting oral argument to the Third Circuit in the interlocutory appeal.

22. It is my opinion to a reasonable degree of professional certainty that the 91.4 hours worked by Mr. Rudovsky for which recovery is sought were reasonable and should be compensated in full.

23. Finally, plaintiff seeks recovery for 122.3 hours worked by Mr. Feinberg. As reflected in his declaration and attached time records, which I have carefully reviewed, and upon which I rely, this work included drafting and editing Mr. Dennis's brief in the interlocutory appeal to the Third Circuit, consultation, and strategic advice to Mr. Messing during the trial and preparing the motion for attorneys' fees and costs as well as other post-trial matters.

24. It is my opinion to a reasonable degree of professional certainty that the 122.3 hours worked by Mr. Feinberg for which recovery is sought is reasonable and should be fully compensated.

**VII. The Total "Lodestar" of $1,845,977.50 is Reasonable.**

25. As explained above, the "lodestar" is the product of the hourly rates for Messrs. Rudovsky, Messing and Feinberg times the respective number of hours each worked on the

case. Here, their respective lodestars are $105,110, $1,652,200, and $88,667.50 for a total lodestar of $1,845,977.50.

26. Congress enacted Section 1988 in part to encourage experienced counsel to take on civil rights cases and receive reasonable fees as provided by statute so that injured plaintiffs without substantial resources can have their day in court.

27. Here, as explained above, the hourly rates for each of plaintiff's three counsel for whom recovery is sought was consistent with the prevailing market rates in this community for complex civil litigation and their hours worked for which recovery is sought were reasonable. Indeed, the matter was handled quite efficiently by KRMFL, without overstaffing or duplication of effort, and with the highest quality work product and an extraordinary outcome.

28. It is my opinion to a reasonable degree of professional certainty that the final lodestar of $1,845,977.50 is reasonable and should be compensated in full.

## IX. Conclusion

29. For the foregoing reasons, it is my opinion to a reasonable degree of professional certainty (a) that the billing rates of Mr. Rudovsky of $1,150 per hour, of Mr. Messing of $1,000 per hour and Mr. Feinberg of $725 per hour are reasonable; (b) that Mr. Rudovsky having worked 91.4 hours, Mr. Messing having worked 1,652.2 hours, and Mr. Feinberg having worked 122.3 hours was reasonable; and (c) that the resulting lodestars of $105,110 for Mr. Rudovsky, $1,652,200 for Mr. Messing, and $88,667.50 for Mr. Feinberg, with a total lodestar of $1,845,977.50 was reasonable.

30. I reserve the right to modify or amend my opinions upon receiving additional information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of June 2024, in Philadelphia, Pennsylvania.

_____
Marc J. Sonnenfeld

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| FTX TRADING LTD., *et al.*,[1] | ) Case No. 22-11068 (JTD) ) |
| Debtors. | ) (Lead Case) ) |
| | ) (Jointly Administered) ) |

## DECLARATION OF MATTHEW C. ZIEGLER REGARDING THE CHANGE IN HOURLY RATES OF MORGAN, LEWIS & BOCKIUS LLP, COUNSEL TO EMERGENT FIDELITY TECHNOLOGIES LTD

Matthew C. Ziegler, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I am over 18 years of age and competent to testify to the matters herein.

2. I am a partner at the law firm Morgan, Lewis & Bockius LLP ("Morgan Lewis") with offices located at 2222 Market Street, Philadelphia, PA 19103. I am in good standing before the courts in which I am admitted, and I have not been disbarred, suspended, or disciplined by any court or administrative body.

3. I am authorized to submit this declaration (the "Declaration") on behalf of Emergent Fidelity Technologies Ltd (the "Emergent Debtor") in Case No. 23-10149 (JTD). The Emergent Debtor is a chapter 11 debtor in this Court, whose case is jointly administered with the chapter 11 cases of FTX, *In re FTX Trading, Ltd., et. al*, Case No. 22-11068 (JTD).[2] The

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

[2] D.I. 91, Case No. 23-10149; D.I. 1469, Case No. 22-11068.

information contained in this Declaration is based on my personal knowledge and my review of the files related to the Emergent Debtor.

4. On April 10, 2023, this Court authorized the Emergent Debtor to retain and employ Morgan Lewis as bankruptcy counsel, effective as of the Emergent Debtor's February 3, 2023 petition date, in its *Order Authorizing the Retention and Employment of Morgan, Lewis & Bockius LLP as Attorneys for the Debtor Effective as of the Petition Date* [D.I. 90, Case No. 23-10149 (JTD)] (the "Retention Order"). Pursuant to paragraph 7 of the Retention Order, "Morgan Lewis shall file a supplemental declaration . . . which . . . shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase."

5. In accordance with ordinary practice, the billing rates for Morgan Lewis have changed effective as of January 1, 2024. The changes are consistent with Morgan Lewis's billing rate increases firmwide. Morgan Lewis's billing rates that took effect on January 1, 2024 range as follows:

| Timekeeper Category | U.S. Hourly Rate Range |
|---|---|
| **Partners** | $1,075 – $1,950 |
| **Of Counsel** | $1,050 – $1,195 |
| **Associates** | $665 – $1,015 |
| **Paraprofessionals** | $410 – $440 |

6. The Joint Liquidators of the Emergent Debtor have consented to the rate increases.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2024  
Philadelphia, PA

Respectfully submitted,

/s/ *Matthew C. Ziegler*  
Matthew C. Ziegler  
**MORGAN, LEWIS & BOCKIUS LLP**  
2222 Market Street  
Philadelphia, PA 19103  
Telephone: (215) 963-5064  
Email: matthew.ziegler@morganlewis.com

3

## CERTIFICATE OF SERVICE

I, Jody C. Barillare, hereby certify that on January 10, 2024, I caused to be served copies of the *Declaration of Matthew C. Ziegler Regarding the Change in Hourly Rates of Morgan, Lewis & Bockius LLP, Counsel to Emergent Fidelity Technologies Ltd* to all parties consenting to service through the Court's CM/ECF system.

Dated: January 10, 2024  
Wilmington, DE

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Jody C. Barillare*
Jody C. Barillare (Bar No. 5107)
1201 N. Market Street, Suite 2201
Wilmington, DE 19801
Telephone: (302) 574-3000
Email: jody.barillare@morganlewis.com