# DECLARATION OF JONATHAN H. FEINBERG

I, Jonathan H. Feinberg, declare as follows:

1.I am an attorney licensed to practice law in, among other jurisdictions, the Commonwealth of Pennsylvania, the U.S. District Court for the Eastern District of Pennsylvania, and the U.S. Court of Appeals for the Third Circuit. I submit this Declaration in support of Plaintiff James Dennis's Motion for Attorneys' Fees and Costs. This Declaration is based upon my personal knowledge.

2.I graduated *summa cum laude* from the University of Pennsylvania Carey Law School in 2001. Following my graduation, I served as a judicial law clerk for the Honorable Jan E. DuBois of the U.S. District Court for the Eastern District of Pennsylvania. In the 22 years since the completion of that clerkship, I have practiced consistently in the fields of civil rights and criminal defense.

3.Throughout my career, I have been an active participant and leader in national and local organizations for civil rights practitioners. Shortly after my graduation from law school, I became a member of the National Police Accountability Project, the country's most prominent organization of legal professionals focused on law enforcement misconduct with more than 550 lawyer members nationwide. I have served as a member of the organization's board of directors since 2013, and in October 2023, I was appointed as its president, a role in which I continue to serve. I am also the founder and current coordinator of the Philadelphia Law Enforcement Accountability Project, a practice advisory group of nearly fifty Philadelphia-based attorneys who focus their practices on plaintiff-side § 1983 litigation.

4.I frequently lecture and present at continuing legal education seminars locally and around the country on all matters related to § 1983 litigation. I am regularly an invited presenter

at Philadelphia-area law schools, including Temple University Beasley School of Law and Rutgers University-Camden Law School.

5. After only six years of practice, I was invited to serve as an adjunct faculty member in the University of Pennsylvania Carey Law School Civil Practice Clinic for the 2007-08 academic year. In 2021, in consultation with academic and clinical faculty at Penn Carey Law, I began to develop an experiential class on civil rights litigation and focusing on wrongful conviction claims. I began teaching the class at Penn Carey Law in the spring semester of 2022 and have continued to teach the course in the spring semesters of 2023 and 2024. As a result of the course, more than 30 second- and third-year students have had the opportunity to appear in mock discovery planning conferences and settlement conferences before the District Judges and Magistrate Judges of this Court.

6. In addition to the above described formal teaching responsibilities, over the course of my career, I have supervised and trained more than sixty student interns and externs who have worked with my law firm.

7. My career in the civil rights field started in 2002, immediately after the completion of my judicial clerkship, when I accepted an offer to join the Kairys, Rudovsky firm as only the second entry-level associate the firm had hired in its then 30-year history. In 2006, I was promoted to a name partner in the firm.

8. Throughout my time working with the firm, I have developed expertise in numerous areas of law, including cases involving wrongful convictions, the excessive use of force by police and correctional officers, the unconstitutional denial of medical care to incarcerated and detained people, and abuses of noncitizens in the immigration system. In recent years, I have obtained multiple settlements in large damages civil rights cases that have produced

record-breaking awards. Such cases include an $8.5 million settlement in the matter of *Busbee v. Pa. Dept. of Corrs.*, No. 20-2401 (M.D. Pa.), the largest reported settlement of an in-custody death case in Pennsylvania, and an $8.2 million settlement in the matter of *Siehl v. City of Johnstown*, No. 18-0077 (W.D. Pa.), which was at the time the largest reported settlement of a Pennsylvania wrongful conviction case outside of Philadelphia. Additionally, I was co-lead counsel in negotiations conducted over two years before the Honorable David Strawbridge regarding the claims of more than 300 plaintiffs injured during peaceful protests in Philadelphia in June 2020. Those negotiations led to damages payouts of $9.25 million, the largest settlement regarding protest activity in Philadelphia history.

9. Representation of clients wrongfully convicted and imprisoned has constituted a significant focus of my practice throughout my career. When I joined the Kairys, Rudovsky firm, my first assignment was to assist David Rudovsky as second-chair counsel in the *Godschalk* litigation that is described in more detail in Mr. Rudovsky's Declaration. Since that time, I have served as lead or co-lead counsel in the majority of the firm's cases that have led to multi-million-dollar settlements, including *Halsey v. Pfeiffer*, No. 09-1138 (D.N.J.) ($12.5 million settlement); *Siehl v. City of Johnstown*, No. 18-0077 (W.D. Pa.) ($8.2 million settlement); *Berry v. City of Philadelphia*, No. 19-3699 (E.D. Pa.) ($5.65 million settlement); and *Miller v. City of Philadelphia*, No. 20-3054 (E.D. Pa.) ($4.6 million settlement).

10. In 2018, my partner, Paul Messing, advised me that our firm had been retained by James Dennis for purposes of a civil rights lawsuit against the Philadelphia Police detectives who had caused his wrongful conviction. I was not involved in the litigation at the outset. However, once Mr. Messing advised that he anticipated an interlocutory appeal of any decision on the defendants' motion to dismiss, I began to assist on matters related to that appeal. After the appeal

3

was filed, my principal role was to engage in legal research, drafting, and editing of the brief submitted on Mr. Dennis's behalf. Additionally, I consulted with Mr. Rudovsky in preparation for his oral argument given in the Third Circuit. Thereafter, following the remand of the litigation to this Court, I continued to provide Mr. Messing with strategic consultation regarding legal arguments and trial presentation. Since the verdict issued in Mr. Dennis's favor, I have taken on principal responsibility for certain post-trial litigation matters, including the preparation of the instant motion for attorneys' fees and costs.

11. As described in Mr. Rudovsky and Mr. Messing's declarations, our firm traditionally does not bill our clients. We agree to front all costs of litigation and advise our clients that we will only be paid a fee in the form of a contingent recovery resulting from a settlement or a jury verdict. We also advise our clients that in the event the client is a prevailing party after trial we will seek attorneys' fees for all hours spent on the case at a rate determined to be fair and reasonable in the Philadelphia legal market.

12. Consistent with these practices, I have maintained contemporaneous records of all compensable hours I have spent working on this matter, which are documented on the attached timesheet. I have not billed for any time spent on the case that could not reasonably be billed to a private client. I have billed a total of 122.3 hours. Based on my experience in civil rights litigation, I believe that the hours I have billed are fair and reasonable and were necessarily incurred to ensure the successful litigation of the case.

13. Because the majority of my civil rights work is conducted on the same terms as those described above, I do not have a standard billing rate. I have, however, reviewed information concerning rates charged in the Philadelphia legal community, including the cases and other materials cited in Mr. Dennis's motion for attorneys' fees and costs and the expert

Declaration of Marc J. Sonnenfeld, Esq. Based on that review, I understand that lawyers in the Philadelphia legal market with my level of experience, expertise, and standing bill at rates well in excess of $800 per hour.

14. In view of these rates, I request that I be compensated at a rate of $725 per hour. I believe that this rate is fair and reasonable in the circumstances of this case.

15. The lodestar amount of the fees I request (122.3 * $725 per hour) is $88,667.50.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of June, 2024, in Philadelphia, Pennsylvania.

/s/ Jonathan H. Feinberg  
Jonathan H. Feinberg

**Timesheet for Jonathan H. Feinberg, Esq.**
*Dennis v. Jastrzembski et al.*, No. 18-cv-2689

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 1/31/20 | Emails to colleagues about potential amicus strategy in event of interlocutory appeal | .5 |
| 9/2/20 | Review P. Messing draft brief in response to defendants' appellate brief | 4.0 |
| 9/2/20 | Follow up emails to colleagues about potential amicus strategy | .2 |
| 9/3/20 | Emails with P. Messing re: timeline for filing and potential amicus | .4 |
| 9/4/20 | Additional review of P. Messing draft brief; email to P. Messing | 2.5 |
| 9/4/20 | Meeting with D. Rudovsky and P. Messing re: brief draft | .4 |
| 9/7/20 | Emails with P. Messing re: research and strategic issues | .2 |
| 9/8/20 | Meeting with law student intern, T. Bell, on research issues for Dennis brief | .5 |
| 9/8/20 | Meeting with D. Rudovsky and P. Messing re: brief draft | .5 |
| 9/8/20 | Additional work on edits to draft brief | 3.0 |
| 9/8/20 | Email to P. Messing and D. Rudovsky re: 4th Amendment vs. 14th Amendment issues | .5 |
| 9/9/20 | Follow up emails to colleagues about potential amicus strategy | .2 |
| 9/11/20 | Receive and review edits to draft brief from D. Rudovsky | 3.5 |
| 9/16/20 | Continue review of D. Rudovsky edits and continue drafting | 4.5 |
| 9/16/20 | Additional editing of changes to brief | 2.0 |
| 9/19/20 | Complete review of latest version of brief | 3.0 |
| 9/20/20 | Email to D. Rudovsky and P. Messing with latest version of brief | .2 |

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 9/22/20 | Complete review of newest edited version of brief | 3.5 |
| 9/28/20 | Review final version of brief and prepare tables of contents and table of authorities | 4.0 |
| 10/1/20 | Final review of brief; send to P. Messing for filing | 1.2 |
| 10/23/20 | Review defendants' reply memorandum | .8 |
| 1/10/21 | Emails with D. Rudovsky and P. Messing re: scheduling oral argument prep | .2 |
| 1/11/21 | Investigation of zoom oral argument procedures | .2 |
| 1/12/21 | Emails with D. Rudovsky and P. Messing re: oral argument | .2 |
| 1/13/21 | Review all briefing in preparation for oral argument prep session; email to D. Rudovsky re: oral argument tactics | 4.0 |
| 1/14/21 | Oral argument preparation session | 1.0 |
| 1/15/21 | Review Third Circuit notice re: issues for oral argument | .5 |
| 1/20/21 | Emails with D. Rudovsky and P. Messing re: oral argument | .2 |
| 1/20/21 | Listen to oral argument | .7 |
| 8/26/21 | Meet with P. Messing regarding methods to challenge no contest plea | .5 |
| 10/18/21 | Emails with D. Rudovsky and P. Messing re: post-argument submission | .2 |
| 11/2/21 | Emails with D. Rudovsky and P. Messing re: defendants' 28(j) letter | .2 |
| 11/3/21 | Edits to D. Rudovsky draft of response to 28(j) letter | .5 |
| 11/23/21 | Review Third Circuit decision | .5 |
| 12/14/22 | Emails with P. Messing re: Fifth Amendment stay decision issued by J. Pratter | .3 |
| 3/16/23 | Emails with P. Messing re: subpoenas issued to experts | .2 |

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 4/11/23 | Emails with P. Messing re: defendants' summary judgment motion | .2 |
| 4/16/23 | Review defendants' summary judgment filings | 2.5 |
| 4/18/23 | Review D. Rudovsky draft of Heck argument on summary judgment | .5 |
| 10/16/23 | Emails re: J. Dennis DHS lien | .2 |
| 10/31/23 | Review J. Sanchez decision on summary judgment | .4 |
| 11/15/23 | Review documents concerning DHS lien | .3 |
| 4/3/24 | Phone call with P. Messing re: trial issues | .1 |
| 4/4/24 | Phone call with P. Messing re: trial issues | .2 |
| 4/12/24 | Phone call with P. Messing re: trial issues | .2 |
| 4/24/24 | Call with P. Messing re: trial status | .2 |
| 4/25/24 | Call with P. Messing re: trial status | .1 |
| 4/26/24 | Call with P. Messing re: verdict and next steps | .2 |
| 4/26/24 | Research on attorneys' fees | .5 |
| 4/26/24 | Email inquiries re: potential post-trial motion issues | .3 |
| 4/29/24 | Discuss fee petition with P. Messing and D. Rudovsky | .2 |
| 4/30/24 | Review Carol Sobel materials re: fees; email to colleagues re: declarations | .5 |
| 5/7/24 | Research on motion to stay execution; email to P. Messing and D. Rudovsky | 2.5 |
| 5/13/24 | Emails to Philadelphia bar colleagues re: fee affidavits | .3 |
| 5/16/24 | Phone conference re: indemnification and execution of judgment issues | .6 |
| 5/16/24 | Review fee materials compiled by D. Rudovsky and P. Messing | 1.5 |

| DATE | ACTIVITY | HOURS |
|------|----------|-------|
| 5/16/24 | Compile fee materials for motion | .5 |
| 5/16/24 | Emails to Philadelphia contacts re: fees affidavit | .3 |
| 5/16/24 | Research on ED Pa fees cases | 2.0 |
| 5/17/24 | Continued research on fee decisions | 2.0 |
| 5/17/24 | Begin drafting fee motion; emails to list serves regarding comparable fee awards; review cases approving comparable rates and total awards | 3.5 |
| 5/17/24 | Continue drafting fee motion, including introductory and background section | 2.0 |
| 5/18/24 | Continue drafting fee motion; prepare arguments re: rates for D. Rudovsky and P. Messing | 6.5 |
| 5/19/24 | Continue drafting fee motion; prepare argument for J. Feinberg rate, begin drafting argument re: time spent for P. Messing | 4.0 |
| 5/19/24 | Continue drafting fee motion; complete arguments regarding reasonableness of time spent | 2.3 |
| 5/20/24 | Call with M. Sonnenfeld re: expert affidavit | .5 |
| 5/20/24 | Calls with Philadelphia colleagues re: post-trial strategic questions | .4 |
| 5/20/24 | Prepare draft declarations for D. Rudovsky, P. Messing; prepare personal declaration | 5.5 |
| 5/20/24 | Research on prejudgment interest as applied to wrongful conviction claims; research on rates in federal question cases | 3.5 |
| 5/21/24 | Draft motion for prejudgment and postjudgment interest | 4.5 |
| 5/21/24 | Strategy meeting with D. Rudovsky and P. Messing on posttrial issues | .5 |
| 5/22/24 | Research on preservation of adverse rulings on motions in limine | .8 |
| 5/22/24 | Edits to entire fee motion, declaration; emails with D. Rudovsky/P. Messing; emails to M. Sonnenfeld | 4.0 |

| DATE | ACTIVITY | HOURS |
|---|---|---|
| 5/23/24 | Final edit to prejudgment/postjudgment interest motion; prepare for filing | .5 |
| 5/24/24 | Call with M. Sonnenfeld re: fee petition | .5 |
| 6/1/24 | Call with P. Messing re: post-trial motions and fee | .3 |
| 6/1/24 | Emails with P. Messing and D. Rudovsky re: filing deadlines and judgment issues | .3 |
| 6/1/24 | Edits to all fee motion materials, including declarations and memorandum of law | 5.0 |
| 6/1/24 | Research on costs; compile documented costs | .7 |
| 6/1/24 | Emails with D. Rudovsky and P. Messing regarding edits | .4 |
| 6/1/24 | Review and comment on Sonnenfeld declaration | 1.0 |
| 6/2/24 | Review defendants' response to prejudgment interest motion; research defense arguments, case law | 2.0 |
| 6/2/24 | Draft prejudgment interest reply memorandum; review and digest trial testimony on economic damages | 2.5 |
| 6/2/24 | Additional edits to fee motion and supporting materials | 3.8 |
| 6/3/24 | Review edits to prejudgment interest reply and fee motion; revise drafts and finalize for filing | 1.0 |
| 6/3/24 | Review and edit response to defendants' post-trial motions | 1.5 |
| 6/6/24 | Additional edits to fee motion and all supporting materials | 2.0 |
| 6/7/24 | Finalize fee motion and all supporting materials, file | 1.5 |
| | TOTAL | 122.3 |

**122.3 hours X $725 per hour = $88,667.50**