# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS, *Plaintiff*, v. CITY OF PHILADELPHIA, *et al.*, *Defendants*. | CIVIL ACTION NO.: 18-cv-2689 |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Motion to Confirm Stay Execution Without a Bond filed on behalf of Defendant Detectives Manuel Santiago and Frank Jastrzembski, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

It is **FURTHER ORDERED** that:

1. execution of the May 1, 2024, Judgment (ECF 246) is hereby **STAYED** pending the complete exhaustion of appeals and return of a mandate;

2. Defendants are **EXEMPT** from posting a *supersedeas* bond as security for purposes of an appeal; and

3. the Renewed Motion for a Stay of Execution (ECF 283) is **MOOT** and therefore **DENIED**.

BY THE COURT:

_____
Hon. JUAN R. SANCHEZ

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DENNIS, *Plaintiff*, v. CITY OF PHILADELPHIA, *et al.*, *Defendants*. | CIVIL ACTION NO.: 18-cv-2689 |

### MOTION TO CONFIRM STAY OF EXECUTION WITHOUT A BOND FILED ON BEHALF OF DEFENDANTS SANTIAGO AND JASTRZEMBSKI

Defendant Detectives Manuel Santiago and Frank Jastrzembski, by and through the undersigned counsel, Marshall Dennehey, P.C., Joseph J. Santarone, Jr., Esquire and Joshua W. Brownlie, Esquire hereby respectfully move to confirm the stay execution of the May 1, 2024, Judgment, without the need of a *supersedeas* bond, and request entry of the proposed Order for the reasons set forth more fully below.

The Court entered a $16M judgment in this matter on May 1, 2024. *See* Order, 5/1/2024, ECF 246. The next day, Detectives Santiago and Jastrzembski moved to stay execution of the Judgment pending disposition of their Omnibus Post-Trial Motion and the complete exhaustion of any appeal. *See* First Stay Mtn., ECF 247. On May 23, 2024, the Court entered an Order denying the stay without prejudice. *See* Order, 5/23/2024, ECF 265. The Court concluded that Federal Rule of Civil Procedure 62(f) and Pennsylvania Rule of Appellate Procedure 1736 entitle the Detectives to an automatic stay of execution—without the need of a *supersedeas* bond—during the pendency of an appeal, but not during the pendency of their Omnibus Post-Trial Motion. *Id.* at n.1.

On July 24, 2024, the Detectives renewed their request for a stay of execution during consideration of their Omnibus Motion. *See* Sec. Stay Mtn., ECF 283. Two days later, Plaintiff

James Dennis filed three writs of execution in an attempt to collect on the Judgment. *See* Writs, ECF Nos. 286-88. The writs remain docketed. *Id.*

The Court denied in total the Detectives' Omnibus Post-Trial Motion by Order dated August 22, 2024.[1] *See* Order, 8/22/2024, ECF 298. Four days later, the Detectives provided timely notice of their appeal from the Judgment and all other pre and post-judgment interlocutory orders merged therewith. *See* Notice of Appeal, ECF 299. The Detectives now seek to confirm the existence of a stay of execution during pendency of the appeal, as well as their exemption from posting a *supersedeas* bond as security.

The Court already concluded that:

> under Rule 62(f), "the judgment debtor is entitled to the same stay of execution the state court would give" if the judgment "is a lien on the judgment debtor's property under the law of the state where the court is located." Pennsylvania law states "[a]ny judgment . . . of a court of common pleas for the payment of money shall be a lien upon real property." 42 Pa. Cons. Stat. § 4303(a). The judgment against Defendants is monetary and thus a lien on their property. As such, Defendants are entitled to the same stay rights they would have under Pennsylvania law. *See, e.g.*, *Billman v. Easton Area Sch. Dist.*, Civ. No. 20-2730, 2022 WL 3913551, at *1 (E.D. Pa. Aug. 30, 2022).
>
> "Any political subdivision or any officer thereof, acting in his official capacity" are exempt from posting a bond pending appeal under Pennsylvania state law. Pa. R. App. P. 1736(a)(2), (b). Defendants are exempt from posting bond pending any appeal because they were officers of the City of Philadelphia, which is a political subdivision. *See McKenna v. City of Philadelphia*, Civ. No. 98-5835, 2009 WL 10687590, at *2 (E.D. Pa. July 30, 2009).

Order, 5/23/2024, ECF 265 at n.1; *accord* First Stay Mtn., ECF 247 at 1-4.

---

[1] The Detectives' Renewed Motion sought the imposition of a stay during the Court's review of the Omnibus Motion. *See* Sec. Stay Mtn., ECF 283. Since the Omnibus Motion is no longer outstanding, the Renewed Motion may be denied as moot.

Mr. Dennis continues to pursue collection of the $16M Judgment. *See* Writs, ECF Nos. 286-88. When contacted for consent to the stay of execution and bond exemption, Counsel for Mr. Dennis declined. The Detectives now move for an order confirming the existence of the same.[2]

          Respectfully Submitted,

          **MARSHALL DENNEHEY, P.C.**

BY: *(signature)*
          JOSEPH J. SANTARONE, JR.
          JOSHUA W. BROWNLIE
          PA Attorney ID Nos.: 45723, 330511
          2000 Market Street, Suite 2300
          Philadelphia, PA 19103
          (215) 575-2626

*Attorneys for Defendants,*
*Manuel Santiago and Frank Jastrzembski*

Date: August 26, 2024

---

[2] "As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal." *Pensiero v. Lingle*, 847 F.2d 90, 97 (3d Cir. 1988) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (*per curiam*)). However, a district court retains jurisdiction over matters that are "uniquely separable and collateral from the decision on the merits." *Id.* at 98; *accord Venen v. Sweet*, 758 F.2d 117, 121 n.2 (3d Cir. 1985) (enumerating collateral issues over which a district court retains jurisdiction; "we do not suggest that these are the only circumstances in which a district court retains power to act"). The Court possesses jurisdiction over the present Motion notwithstanding notice of the Detectives' appeal because the stay and bond exemption inquiries are divorced from the merits of Mr. Dennis' action. *See In re Advanced Elecs., Inc.*, 283 F. App'x 959, 963-64 (3d Cir. 2008) (explaining a district court retains jurisdiction over "the approval of a supersedeas bond or entry of a stay or injunction" pending appeal); *accord* FED. R.A.P. 8(a)(1) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal[.]").

3

**CERTIFICATE OF SERVICE**

  I, Joshua W. Brownlie, Esquire, do hereby certify that a true and correct copy of this Motion to Confirm the Stay Execution Without a Bond was electronically filed with the Court this date and is available for viewing and downloading from the ECF System. All counsel of record was served via electronic notification.

            Respectfully Submitted,

            **MARSHALL DENNEHEY, P.C.**

           BY: _/s/ Joshua Brownlie_
            JOSEPH J. SANTARONE, JR.
            JOSHUA W. BROWNLIE
            PA Attorney ID Nos.: 45723, 330511
            2000 Market Street, Suite 2300
            Philadelphia, PA  19103
            (215) 575-2626

           *Attorneys for Defendants,*
           *Manuel Santiago and Frank Jastrzembski*

Date: August 26, 2024