**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES DENNIS** | : |
| | : |
| | : **CIVIL ACTION** |
| **Plaintiff,** | : No. 18-2689 |
| | : |
| v. | : |
| | : |
| **THE CITY OF PHILADELPHIA, et al.** | : |
| | : |
| **Defendants** | : |
| | : |

**ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiff James Dennis's Motion for Attorneys' Fees and Costs, and the responses thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART.**

It is **FURTHER ORDERED**:

- The fees for Plaintiff's attorneys shall be reduced to the following rates, with the resulting total, before further reduction, noted below:

    o   David Rudovsky, $850 x 91.4 = $77,690;

    o   Paul Messing, $850 x 1652.2 = $1,404,370;

    o   Jonathan Feinberg, $715 x 122.3 = $87.444.50;

    o   Total Before further reduction: $1,569,504.50;

- The fees shall be further reduced by 50%, to account for Plaintiff's partial success (40%) and overinflation of fees (10%);

- The fee award shall therefore be reduced to $784,752.25; and

- The costs shall be reduced to $9,143.39 to remove investigative services.

BY THE COURT:

_____

Juan R. Sánchez, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JAMES DENNIS** | : | |
| | : | **CIVIL ACTION** |
| Plaintiff, | : | No. 18-2689 |
| | : | |
| v. | : | |
| | : | |
| **THE CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| Defendants | : | |
| | : | |

**DEFENDANT CITY OF PHILADELPHIA'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

The City of Philadelphia opposes Plaintiff's motion for attorneys' fees and costs as unreasonable and excessive, for the reasons stated herein.

Although the City has been dismissed, it now moves for relief specifically because the City has an appeal pending against it that could conceivably result in an attorneys' fees and costs award against the City for the same amount of attorney time and costs being sought here, should Plaintiff prevail on his appeal against the City. To the extent the instant motion is dispositive of issues potentially affecting such an attorneys' fee award directly against the City, the City responds only to preserve its objections by way of this opposition.

Additionally, because of the posture of the instant motion and the cross appeals, the City re-asserts its request that the Court stay a decision on the fees pending the appeal—which the Court apparently denied without prejudice—and respectfully asks the Court to consider its arguments made in support of such a stay in its prior motion (ECF No. 314) incorporated herein. The City notes that Plaintiff effectively leaves his motion open by "requesting leave to supplement this filing to seek additional fees." Pl.'s Mot. 15 n.7 (ECF No. 276).

I.  **BACKGROUND**

This case arises from the October 22, 1991 robbery and murder by gunshot of Chedell Williams at 10th and Nedro Streets in Philadelphia, and the investigation and prosecution of Plaintiff James Dennis for that murder. Plaintiff went to trial in this matter on claims of 14th Amendment due process violations arising from allegations of fabrication and deliberate deception, and conspiracy against Detectives Frank Jastrzembski & Manuel Santiago. Plaintiff also brought a claim of municipal liability against Defendant the City of Philadelphia.

On April 23, 2024, at trial, the Court granted judgment as a matter of law in favor of the City and against Plaintiff. See Order, May 23, 2024 (ECF No. 266). A jury found in favor of Plaintiff on his deliberate deception and conspiracy claims against both Detectives, but not on his fabrication claims, and awarded $10,000,000 in compensatory damages, and $3,000,000 as to each Detective in punitive damages, totaling $16,000,000. See Verdict (ECF No. 237). The Court entered judgment accordingly; the Detectives appealed the judgment against them; and Plaintiff appealed the judgment against it in the City's favor. See Notices of Appeal (ECF Nos. 299, 307, 313).

Plaintiff moved for attorneys' fees and costs, in the amount of $1,845,977.50 in fees and $13,264.43 in costs. Pl.'s Mot. (ECF No. 276).

II. **ARGUMENT**

In a section 1983 case such as this, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court has "a great deal of discretion to adjust the fee award" in light of objections raised by an opposing party. Id. The Court "should exclude hours that are excessive, redundant, or otherwise unnecessary." Id. After

2

determining the reasonableness of the amount of time spent, and the reasonableness of the hourly rate applied to determine the lodestar, the Court can make a general reduction to "for time spent litigating wholly or partially unsuccessful claims." Id. Such a reduction may be appropriate even if the unsuccessful claims were interrelated with the successful ones and raised in good faith. Pelzer v. City of Philadelphia, 771 F.Supp.2d 465, 470 (E.D. Pa. 2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)).

### A. The Fee Award Should Be Reduced Due to Plaintiff's Partial Success on His Claims

In Pelzer—as here—the plaintiff was successful on an underlying constitutional claim against an individual defendant but unsuccessful on a municipal liability claim against the City of Philadelphia. Id. at 472. The Court applied a 40% downward reduction to the total fees. Such a reduction is sensible: all aspects of municipal liability litigation—but in particular discovery—are extremely onerous in comparison to the litigation of a discrete underlying claim. While the Court in Pelzer did not define how it arrived at a 40% reduction, such a reduction is reasonable here. Such a reduction perhaps undervalues the relative importance of this claim, since, without judgment against the City, counsel for Plaintiff and Defendants Jastrzembski and Santiago at prior oral argument underscored that the judgment against the Detectives alone would leave Plaintiff unable to collect nearly all of the judgment entered in Plaintiff's favor. Additionally, Plaintiff was also unsuccessful on his fabrication claims against the Detectives, which the Court identified as arising from three specific pieces of criminal evidence, only one of which overlapped with the criminal evidence relevant to his deliberate deception claims. See Op. at 3, Oct. 30, 2023 (ECF No. 93).

Plaintiff attempts to skirt the downward reduction by sparingly noting line items that are specific to municipal liability and therefore not billed. But the Court should not be swayed by

this token appeasement to the caselaw. First, Mr. Messing's affidavit and fee breakdown is the only one of the three attorney affidavits that engages in that practice. See Messing Decl. at 8-41 (ECF No. 276-3). Second, referring to Mr. Messing's bills alone, Mr. Messing tallies this figure at only 204.8 of a total 1,857 hours. It is not plausible that the municipal liability portion of this litigation was only limited to 11% of the total time the lead attorney spent on the case. See, e.g., Pl.'s Opp. to Mot. *in Limine* Regarding Scope of Monell, at 1 ("Plaintiff has amassed evidence that City policymakers knew or should have known of constitutional violations for an extended period of time . . .").

Additionally, much of the work on the underlying liability of the Detectives necessarily served the prosecution of the municipal liability claim. Much other itemized work that was not excerpted as "Monell Hours" clearly was devoted, at least in part, to municipal liability issues specifically. For example, Mr. Messing identifies a "Call to P. McCauley re: expert on individual liability" as a billable line item. Messing Decl. at 11 (ECF No. 276-3). As the City argued in a Daubert motion, Mr. McCauley extensively analyzed "Widespread and Longstanding Practices in the Philadelphia Police Department (PPD)" and "Related Investigations" in roughly 20 pages of an expert report heavily copied by Plaintiff's ultimate expert, Joseph Pollini. See (ECF No. 81-3). Plaintiff does not discount extensive review of other homicide investigations and overturned conviction litigation in his in fee petition, in particular the Anthony Wright case, but also the Shaurn Thomas case. See Messing Decl. at 11 et seq. Such cases were primarily, if not exclusively, relevant to Plaintiff's municipal liability claim. Plaintiff does not exclude various other line items that suggest a municipal liability purposes, such as "review homicide data", id. at 14, "review/outline Inspector Nodiff deposition," id. at 17 (a supervisor not involved in Dennis's investigation who spoke on policy and practice in other cases), "Review City motion to certify

4

for appeal," id. at 17, "Review/outline City answer to Complaint," id. at 18, "Review/outline PPD directives received from City" id. at 19, preparation of the individual detectives' depositions, id. at 22, expert communications with Joseph Pollini, who opined extensively on municipal liability, id. at 23-27, "Additional research on bifurcation issue," id. at 28, and drafting of jury instructions and a bifurcation memo, id. at 29. Beginning February 16, 2024—a period that including ALL of Mr. Messing's time spent trying the case—Mr. Messing exempts no time as devoted to municipal liability, save for one line—but not others—related to preparation for witness Francis Healy. See id. at 31 et seq. These are only examples of obvious time not considered by Mr. Messing in his exclusion of municipal liability time. In summary Mr. Messing's self-imposed exemption of municipal liability hours is arbitrary, self-imposed, and does not account for all activity that served to prosecute that (and other) unsuccessful claims. The other two attorneys—though perhaps working on more discrete projects—make no effort to exempt municipal liability activity. A global downward reduction in awarded attorneys' fees is therefore more appropriate than Mr. Messing's approach.

      **B.**      **Plaintiff's Hourly Rates Should Be Reduced to the CLS Hourly Rate**

"The starting point in ascertaining a reasonable hourly rate is the attorney's usual billing rate," although not dispositive. Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001) (internal quotation marks omitted). The Community Legal Services, Inc. (CLS) fee schedule is "a fair reflection of the prevailing market rates in Philadelphia." Id. at 187.

Plaintiff pays lip service to both conventions, downplaying entirely the role of the rate the attorney "regularly charges," identifying no "usual billing rate" as even a starting point, and looking to other jurisdictions, such as Los Angeles and New York, to justify a prevailing *Philadelphia* market rate. See Pl.'s Mot. at 7. Mr. Sonnenfeld's declaration is highly subjective and primarily amounts to an argument that the requested rates would be reasonable if Plaintiff's

5

attorneys were employed at Morgan, Lewis & Bockius, LLP, based on their rates as recently updated as January 2024. Put differently, Plaintiff has elected to seek rates for his attorneys on par with a large national firm, and the third largest law firm in Pennsylvania. See 100 Largest Law Firms in Pennsylvania, available at law.com/image/pa/supps/rkl/top100.pdf. The Court should not disregard the accepted CLS rates, based largely on Plaintiff's assertion that his attorneys would like to have a higher hourly rate, if they happen to be being asked. Accordingly, the Court should reduce the rates to the already extremely ample CLS rates of $850 per hour for Mr. Messing and Mr. Rudovsky and $715 per hour for Mr. Feinberg.

### C. The Court Should Impose a Global Reduction to Reflect the Patently Excessive Amount of Hours Billed for Various Activity

The Court's discretion includes the ability to outright deny a request for attorneys' fees where the amount "is so outrageously excessive as to shock the conscience of the court," rather than be required to *sua sponte* determine the appropriate amount of fees when presented with a plaintiff's over-inflated bill. See Fair Housing Council of Greater Washington v. Landow, 999 F.2d 92, at 96 (4th Cir. 1993). While the City does not suggest the Court should go so far as outright denial here, a further downward reduction is appropriate to reflect the excessive hours billed, as exemplified on several portions of the litigation. For one example, Mr. Messing attributes 43.3 hours to the drafting of the complaint alone (and Mr. Rudovsky an additional 2), not including research. This is an excessive amount of time devoted to one, non-argumentative filing, particularly where, beginning at least at paragraph 82, the complaint lifts nearly identical language from a similar complaint filed in Wright v. City of Philadelphia, No. 16-5020 (E.D. Pa. filed Sept. 20, 2016). Similarly, the instant motion for fees and costs incurred 51.1 hours of Mr. Feinberg's time, 4.7 hours of Mr. Rudovsky's time, and 5.3 hours of Mr. Messing's time. That is

6

to say Plaintiff's counsel incurred over a working week and half of billable hours for a largely procedural motion. Plaintiff should not be rewarded for such inefficiencies.

### D. Investigative Services Are Not Recoverable Costs

Absent extraordinary circumstances, courts do not generally permit the recovery of investigative services or expert costs. Pelzer, 771 F.Supp.2d at 474 (citing 28 U.S.C. § 19820). Accordingly, the City also objects to an award inasmuch as it includes $3,871.04 to and $250.00 to "Confidential Investigative Services" for "Investigation". See Costs Report, Pl.'s Mot. (ECF No. 276-5).

## III. CONCLUSION

For all the foregoing reasons, the Court should deny the Plaintiff's motion in part, consistent with the attached proposed order, or grant such other relief the Court deems just.

Date:  September 25, 2024

                                                Respectfully submitted,

                                                 /s/ Andrew F. Pomager
                                                Andrew F. Pomager
                                                Div. Deputy City Solicitor
                                                Pa. Attorney ID No. 324618
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                *Attorney for Defendant*
                                                *the City of Philadelphia*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES DENNIS** : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | No. 18-2689 |
| v. : | |
| **THE CITY OF PHILADELPHIA, et al.** : | |
| Defendants : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant the City of Philadelphia's Response in Opposition to Plaintiff's Motion for Attorneys' Fees and Costs was filed via the Court's electronic filing system and is available for downloading.

Date: September 25, 2024             Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　 /s/ Andrew F. Pomager　　　　
　　　　　　　　　　　　　　　　　　　　Andrew F. Pomager
　　　　　　　　　　　　　　　　　　　　Div. Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 324618
　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　215-683-5446 (phone)
　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　andrew.pomager@phila.gov